MARY P. BRANCH, APPELLANT, VS. ALGERNON S. COLE, APPELLEE.

1. A suit in equity claiming dower and mesne profits is not an action for the recovery of real property based upon the seizin or possession of the plaintiff, her ancestor, predecessor or grantor.

2. A suit in equity claiming dower and mesne profits is " an action for relief not hereinbefore provided for," within the meaning of the twelfth section of the act of limitations of this State.

Appeal from the Circuit Court for Leon county.
The facts are stated in the opinion.

*J. T. Bernard* and *R. B. Hilton* for Appellant.

I. This is not such an action as is meant by section 12th, page 22, act 1872. By reference to said act it will be seen

that from section 25, section 9 inclusive, the limitations therein mentioned refer exclusively to actions relating to real property, the time being limited to seven years, with certain exceptions of disability mentioned in section 9. Section 10 relates to other than actions for real property. Section 11 to offsets. Section 12 provides that " an action for relief not hereinbefore provided for must be commenced within four years after the cause of action accrued." We contend that this is not such an action as was contemplated by the statute. At the time of the passage of this act, February 22, 1872, the Code of Procedure was in force. An action is therein defined to be " an ordinary proceeding in a court of justice by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offence." Bush, 457. To institute an action then there " must be an adverse claim or interest." What relation does the widow sustain to the heir or feoffee? Her right differs from all other mere rights of action in not being the result of any adverse *jus possessionis* acquired by the heir or feoffee. Ridgway, *et ux.*, vs. McAlpine, 31 Ala., 462. The widow's title to dower is involved with and *inherent* in that of the heir or feoffee. The seizin or possesion of either, although for himself, inures also to the benefit of the claimant in dower. Park on Dower, 335, as cited in Ridgway, *et ux.*, vs. McAlpine, 31 Ala., 463. This was not an action, but would be a special proceeding under the definition as given in the code.

II. Section 12 does not refer to actions based on real estate, because every phase relating to any interest in realty had been provided for in section 2 to 8, inclusive. They all refer to an adverse interest as to title or possession, and therefore section 12 can only refer to such actions as are not specified in section 10.

24

III. But if it can be considered as barring an application for dower, it would not apply in this instance if the operation of the statute is prospective. Dower is a continuation of the husband's estate. Joseph Branch, the husband of appellant, died in 1868, before the passage of the act. Had he died since then it would only (if section 12 applies to dower) have affected the right of appellant. Tooke vs. Hardeman, 7 Geo., 20; Chapman vs. Schroeder, 10 Geo., 321; Ridgway, *et ux.*, vs. McAlpine, 31 Ala., 464.

IV. There can be no limit to an application for dower unless expressly stated in the statute of limitation. In all the *old* and most of the modern authorities the widow is pronounced the favorite of the law, and unless expressly mentioned, the statute of limitation does not run against dower. Ramsey vs. Dozier, Treadw. (S. C.) Court, 112; Mitchel vs. Pages, 1 Not. & M., (S. C.) 85; Burdley vs. Clayton, 5 Harr., (Del.) 154; Ridgway vs. Mc., 31 Ala., 458; Owen vs. Campbell, 32 Ala., 521; Tooke vs. Hardeman, 7 Geo., 20; Parker vs. Clear, 1 Met., (Mass.) 24; Wekem vs. Roach, Dudley, (Geo.) 123; May vs. Ramsey, 1 Mich., 1; Barnard vs. Edwards, 4 N. H., 107; Wright vs. Conover, 7 N. J., (2 Hals.) 482; Park on Dower and 4 Kent, 70. See especially authorities in 31 Ala., 458, where the court says: " The reasons upon which these decisions, English and American, have been mainly based are that dower is highly favored; that the right to it is unlike any other right to land; that it differs from all other mere rights of action in not being the result of any adverse *jus possessionis* acquired by the heir of feoffee; that its own distinguishing peculiarities, and the favor to which it has been so long a time entitled by law are sufficient to except and exempt a suit for the assignment and recovery of dower from the operations of all general statutes of limitation, however broad and comprehensive, *which do not expressly name it*

or include it by unavoidable implication." In Iowa a different doctrine is held, (Phares vs. Walters, page 102, 6 Clarke,) but even there Section 1,397 of the Code requires that applications may be made within *ten* years. See Iowa Code. Again, it will be noticed that in nearly all the States where the code has been adopted, the widow is adjudged barred under the general statutes of limitation, but in other States there is a different ruling.

V. From the nature of the widow's interest in the real estate of which her husband was seized during her coverture there can be no limitation to bar her of her right in claiming dower. What is the nature of this interest? It is involved with and inherent in that of heir or feoffee; the seizin or possession of either, although for himself, inures also to the benefit of the claimant in dower. Ridgway vs. McAlpine, 31 Ala., 463. The alienee and widow are somewhat then like tenants in common, " for none knoweth his own severalty." She is considered as being in possession. 10 Geo., 327; 4 Kent, 66. If, then, her position is somewhat analagous to that of a tenant in common she is not barred. Atkinson vs. Atkinson, 37 N. H., 436, and Campbell vs. Campbell, 13 N. H., 483; Burns vs. Byrne, 45 Iowa, 285; Haley vs. Glidden, 10 N. H., 402; Atherton vs. Johnson, 2 N. H., 31.

*W. I. Vason* and *D. S. Walker, Jr.*, for Appellee.

The decisions have heretofore varied in the different States, but at present it has been decided in all the States where the question has arisen that the action for dower is within the statute, though not specially named therein, provided the language of the statute brings it plainly within the meaning and scope of the statute. Jones vs. Powell, 6 Johns. Ch., 194; Phares vs. Walters, 6 Iowa, 112; 38 Ill., 33.

The only difference being that in some of the States the statute commmences to run—first, from the death of the husband; second, in other States from the date of the demand made by widow; third, and in others, by equitable construction, dower is barred like other actions, if not brought within the time limited for the bringing of other actions.

We shall review a few decisions of each kind.

In Iowa, first in the case of Phares vs. Walters, the only question which the court found it necessary to decide was what was meant in the statute by the words "real property." And they being defined by the laws of Iowa to mean lands, tenements and hereditaments, and all rights thereto and all interests therein, equitable as well as legal, the court decided that the action for dower was clearly included in the statute.

In New York, in James vs. Powell, 6 Johns. Ch., 194, Chancellor Kent said: "That if there had not been a special statute giving the widow the right *at any time during her life* to claim her dower, her action would have been barred like any other action. The general and sweeping language of this act (says the Chancellor), no less than the sound policy of it, would dictate the application of it to the action of dower, as well as any other real action." That portion of the New York statute to which the Chancellor applies the foregoing positive language is in the same words as the second and third sections of our statute. We consider this as the best and most direct and positive authority. Tyler on Eject. & Adv. Poss., 101, 102.

In Kentucky the decisions have been the same. See 10 B. Monroe, 782; Scribner on Dower, 525, 526, 531; also 528, note 5, which shows that like decisions have been made in Pennsylvania. The statute of limitations of New Jersey "applies to the action of dower, and may be pleaded

in equity as well as in law." Conover vs. Wright, 2 Halstead Ch., 613, 616, 617; see also Tuttle vs. Wilson, 10 Ohio, 24; Kingsolning vs. Pierce, 18 B. Monroe, 782; Toney vs. Miner, 1 Smede & Msh., 489.

Second. Where the statute begins to run from date of demand made. See Robin vs. Flanders, 33 N. H. R., 524; Tyler on Eject. and Adv. Poss., 114; Carmichael vs. Carmichael, 5 Humphries, 96.

The course of decision in South Carolina has been to date the running of the statute, not from the accrual of the right, but from the accrual of the right of action for its assertion, so that the statute does not begin to run until there is a possession in some one adverse to the claimant of dower. Angel on Limitations, Sec. 367, page 360; also Scribner on Dower, 540; Richards vs. Tolbert, Rice S. C. Eq. R., 158, 170; Wilson vs. Lanahan, McMullan's S. C. Eq., 35, 37.

Third. Where by equitable construction dower is barred like other actions, if not brought in the time limited for bringing other actions.

In Story's Eq. Jurisp., Sec. 1,520, it is said: "A defence peculiar to courts of equity is that founded upon mere lapse of time and the staleness of the claim in cases where no statute of limitations directly governs the case. In such cases courts of equity act sometimes by analogy to the law, and sometimes act upon their own inherent doctrine of discouraging, for the peace of society, antiquated demands, by rsfusing to interfere where there has been gross laches in prosecuting rights, or long and unreasonable acquiesence in the assertion of rights." This is quoted in Scribner on Dower, 531, as entirely applicable to actions for dower; also in Tuttle vs. Wilson, 10 Ohio, 24; Ralls vs. Hughes, 1 Dana Ky., 407; Boyle vs. Roman, 3 Dess. So. Ca., 555.

In 1 Dana it is said that the time when it is proper to

dismiss a claim as stale is usually by analogy to the time limited by law. Scribner on Dower, 532.

In Maine it is held that the equitable as well as the legal presumption is, that dower has been released, if not sued for within the time limited for other real actions under the statute. Dunham vs. Angier, 20 Me., 242, 245. The rule should be the same in Mass. Tyler on Eject. & Adv. Poss., 116.

See also as to when the cause of action for dower commences generally. Scribner on Dower, 541, Sec. 27 ; Angel on Limitations, 42 ; Owen vs. Peacock, 38 Ill., 38, 39 ; Hooper vs. Hooper, 2 Zabriskie, N. J., 715 ; 18 B. Monroe, 107.

The circumstances of the case at bar make it one of those cases wherein a court of equity will gladly allow a defendant to avail himself of this defence peculiar to its jurisprudence.

The plaintiff knew that Cole had purchased the land under the power of attorney made five years before she married Branch, and she waits for 13 years before she files her bill. The presumption is that Cole gave full value for the land, and that he always thought he bought it unencumbered with any dower rights. Owen vs. Peacock, 38 Ill., 33, 37 and 38.

In those States where dower has been decided not to be in the statute, it has been upon the grounds that the widow did not count on her own seizin, or that of her ancestor, predecessor or grantor. Dunham vs. Angier, 20 Maine, 245.

This reasoning would apply to all the States, for their statutes in this respect are the same, since the accrual of the right under them all depends upon the seizin of the plaintiff, or his ancestor, predecessor or grantor, within the time limited by the statute.

But in all the States where it has been decided that

dower is barred there is a distinction made between the right to enter and the right of action to recover.

And from the policy of the law it has been decided universally that the statute commences to run against dower from the time the widow can assert her right, to-wit: the death of her husband, or from the time she asserts her right and it is denied; though she has not the right to enter, because she does not count on her own seizin, or that of her ancestor, &c., yet she has the right to bring her action to recover real estate, and she must bring that action within the time limited for other real actions, after that right accrues, or the presumption will be that she has released her right.

In Mr. Tyler's late work on Ejectment and Adv. Poss., " the statutory policy of the several States in respect to the action for the recovery of real property " is set forth in full. The 12th section was expressly included in our statute for the purpose of barring every imaginable action, suit, claim or demand known to the law, by which relief could be asked.

There is no force in the reasoning that dower is favored in law, when applied to such questions as are presented in this case. In Owen vs. Peacock, 38 Ill., 33, 37, when the question before the court was the same as the one here under consideration, the court said : " Although dower is favored in law, yet there is nothing so peculiar in the right as to give it a special immunity over all other rights to real estate, when a remedy is sought to enforce the right."

In England, where dower originated, and is favored more than anywhere else, it is barred by the statute of non-claim, unless brought within five years after the widow is deforced. And deforcement in England is exactly the same thing as the non-compliance of the representative of an estate in setting aside dower under Chap. 380, Sec. 1, Laws of Florida. 3 Black., 173; Parker vs. Obear, 7 Met., 30.

In Alabama, where much is said about the favor which should be shown dower, the statute bars its recovery, unless brought in three years, while other real actions are limited to twenty years.

MR. JUSTICE WESTCOTT delivered the opinion of the court.

This is a bill in equity to assign dower and for damages for mesne profits.

Pleas were interposed under the second and fourth sections of the act prescribing limitations to civil suits in this State, (Chap. 1869, Laws,) as well as under the 12th section of the same act.   These pleas, properly framed to raise the question desired, were set down for hearing; the first plea under the second and fourth sections of the act was overruled, and the second plea under the twelfth section was sustained.

Section 2 of the act provides that no action for the recovery of real property, or for the recovery of the possession thereof, shall be maintained unless it appear that the plaintiff, his ancestor, predecessor or grantor, was seized or possessed of the premises in question within seven years before the commencement of such action.   The 4th section provides that presumption of possession shall follow the legal title, to be overcome only by proof of adverse possession.

In the case of Wade vs. Doyle, 17 Fla., 522, we had occasion to interpret sections two and four of this act.   We there held that a plea simply denying the seizin or possession was not sufficient, but it must be averred that the possession was adverse.

We think it clear that the second section of the statute does not embrace this case, because that section must by its terms be confined to cases where the plaintiff's right in the "action for the recovery of real property is sought to be maintained upon the seizin or possession of the plaintiff,

his ancestor, predecessor or grantor." A dowress seeking an assignment of dower, and the possession of the land assigned, does not claim by virtue of the seizin or possession of herself, or of any of her ancestors, predecessors or grantors. She claims by virtue of the seizin and possession of her husband. 1 Selden, 394; 4 Kent, 69. We presume this will not be questioned, as the definition of dower by all text writers, and its character as fixed by our statute, refers it to the seizin and possession of the husband. We next enquire, is the husband the ancestor, predecessor or grantor of the wife. He is certainly neither her ancestor nor grantor. Is he her predecessor?

We find very little in the books by which upon authority we can define this term predecessor as here used.

In Brooks Reading upon the statute, (32 Hen. VIII., Ch. 2, from note to §367, Angell on Limitations,) it is said: "A woman brought a writ of dower of the seizin of her husband sixty-one years past, the action lyeth *because* that is not of her own seizin, nor of none of her ancestors nor predecessors, neither is it an action possessory, and is not prohibited by the statute."

It must, however, be plain that the date of the seizin or possession of the husband cannot in the very nature of things be the commencement of the limitation. The husband may sell land twenty years before his death, and at no time up to his death can a right of action accrue to his wife, and yet with this construction, without any fault on her part, she would be divested of her right. The statute was intended to bar only those who being entitled to bring actions neglected to bring them.

In speaking of a statute much more comprehensive than the second section of the act of February 27, 1872, of this State, the Supreme Court of Massachusetts, in Parker vs. Obear, 7 Met., 27, say: "That it applies to those cases

and those only where a right of entry existed in the party claiming the estate, or in the ancestor or predecessor of the person who claims the land," and a party claiming dower, it is to be inferred from the opinion, is not embraced in these terms.

For the reasons stated we do not think that this suit in equity is embraced in the second and fourth sections of the act of limitations.

Is it embraced in section 12? That section provides that an action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued.

The plea here is an adverse possession for twelve years before this action was commenced, and that twelve years have elapsed between the accrual of the right of action and the bringing of this action. Upon this adverse possession, after the death of the husband, a cause of action accrued to the party entitled to dower, and if this suit in equity is an action for relief within the meaning of this section, then it is barred by it. This statute was passed during the time in which the code was in force in this State, and the legislative intent and the scope and effect of this section must be controlled by this fact. In section 252 of the code such a proceeding "brought to recover dower, before admeasurement, of real property aliened by the husband" is called an action. The proceeding is not a special proceeding for the assignment of dower under the provisions of the act of November 7, 1828. Thomp. Dig., 186. We very much question the legality of placing a person claiming dower in possession of lands held adversely as set forth in this plea under that proceeding. But however that may be, this is a suit in chancery claiming dower in lands and mesne profits, and under the code the appropriate method to assert such a right was a civil action through a complaint. The decree is affirmed.