W. R. PALMER, *Plaintiff in Error,* v. JAMES M. JACKSON, JR., *Defendant in Error.*

In an action for damages where it is alleged that the defendant, a physician, "undertook the treatment of" the plaintiff, and that "it was the duty of the defendant as physician to

properly and skillfully treat the plaintiff, but the defendant did so carelessly, negligently and unskillfully treat the plaintiff that he was thereby injured," the cause of action is upon an "obligation or liability not founded upon an instrument of writing," and is barred in three years under sub-division 5 of Section 1725, of the General Statutes of 1906.

This case was decided by Division A.

Writ of error to the Circuit Court for Dade County.

The facts in the case are stated in the opinion of the court.

*R. B. Gautier,* for Plaintiff in Error.

WHITFIELD, C. J.—On February 11th, 1910, W. R. Palmer commenced an action against James M. Jackson, Jr., a physician, to recover damages for injuries caused by the defendant's careless, negligent and unskillful medical treatment of the plaintiff whom he had undertaken to treat on June 25th, 1906.

The defendant pleaded not guilty and also that the cause of action did not accrue within three years before the action was commenced. A demurrer to the latter plea was overruled, and the plaintiff not desiring to amend his declaration, final judgment for the defendant was entered. Plaintiff took a writ of error which was duly recorded thereby giving this court jurisdiction of the defendant in error who is not represented by counsel here.

The declaration alleges that the defendant did "undertake the treatment of" the plaintiff; and that "It was the duty of the defendant as physician to properly and skillfully treat the plaintiff;" but the defendant did so carelessly, negligently and unskillfully treat the plaintiff that

he was thereby injured. These allegations are applicable to a tort growing out of a contract and they do not exclude the existence of an express or implied verbal contract relation between the parties which is usual in such cases.

Thus considered the action was upon a "obligation or liability not founded upon an instrument of writing," and was barred in three years. Sec. 1725, subdivision 5 Gen. Stats.

The judgment is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur.

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.