W. L. MILTEER, *Plaintiff in Error*, v. SEABOARD AIR LINE RAILWAY COMPANY, *Defendant in Error*.

## Opinion Filed June 17, 1913.

An action not upon a bill of lading, but upon the common law liability of a common carrier for injury to goods caused by delays in transportation, if not barred by a shorter period of limitation, is covered by the general statutory limitation of four years for bringing "any action for relief not specifically provided for in this chapter" of the statutes of limitations.

Writ of Error to Circuit Court of Orange County; J. W. Perkins, Judge.

Judgment affirmed.

*Andrew Johnson,* for Plaintiff in error;

*C. B. Robinson,* for Defendant in error.

WHITFIELD, J.—Milteer brought an action against the railroad company for damages done to perishable freight by failure to promptly transport and deliver it. A final

judgment for the defendant on the pleadings was rendered, and the plaintiff took writ of error.

Irregularities in preparing the transcript of the record will be passed for a consideration of the real question at issue, *viz.*, Whether the action is barred by the statute of limitations.

In this case a bill of lading and a contract are referred to, yet the action is not brought upon a bill of lading, but upon the common law liability of the defendant carrier for injury to goods caused by delays in transportation. It is therefore not necessary to determine whether the limitation of five years for bringing "an action upon any contract, obligation or liability founded upon an instrument of writing not under seal" is applicable to actions brought specifically upon a bill of lading. An action of this character, if not barred by a shorter period of limitation, is covered by the limitation of four years for bringing "any action for relief not specifically provided for in this chapter" of the statute of limitations. Sec. 1725 Gen. Stats. of 1906. The delayed transportation complained of is alleged to have occurred in March and April, 1907, while the action was begun in October, 1911, after the bar of the statute was effective.

The judgment for defendant was proper and is hereby affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.