STATE, *ex rel.* PENICK & FORD, LTD., Incorporated, v. THE CIVIL COURT OF RECORD OF DUVAL COUNTY, FLORIDA, BURTON BARRS, as Judge of said Court, *et al.*

171 So. 516.
Division A.
Opinion Filed December 18, 1936.

*H. P. Adair, J. Henson Markhan* and *Knight, Adair, Cooper & Osborne,* for Relator;

*John E. Teate,* for Respondents.

PER.CURIAM.—Where a resident, individual or corporate, of any other state or county than the State of Florida, drives or operates his, her or its motor vehicles, or has same driven or operated, or permits the same to be driven or operated in the State of Florida, as evidenced by the operation of same by himself, his servant, employee or agent, said non resident is to be deemed as having accepted the privilege extended by law to non residents to drive or operate their motor vehicle in this state only on condition that they shall become subject to the terms and conditions of Chapter 17254, Acts 1935, providing for service of civil process against non resident motor vehicles and operators, by serving the same upon the Secretary of State of the State of Florida as process agent for said non resident motor vehicle owner, and it is immaterial to the enforcement or applicability of said Chapter 17254, Acts 1935, whether or not the alleged non resident motor vehicle owner or operator has taken out, or been required to procure and attach to him, her or its motor vehicle, a special Florida license tag because of some special or peculiar requirement of law applicable to a particular use or operation of the motor vehicle in this state.

The test of applicability of Chapter 17254, *supra,* is the non residence of the motor vehicle owner. Where non residence is alleged or established, the operation of motor vehicles in the State of Florida by or under the non resident owner thereof, is to be deemed an acceptance by such non resident of the privilege of using the roads of Florida only upon condition of the non resident's acceptance of Chapter

17254, Acts 1935, as an incident to such use of Florida roads.

Application of the foregoing statement of the law to the facts alleged in this case requires a denial of the writ of prohibition herein sought, and it is so ordered.

Prohibition denied.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.