DAVID WARNER v. EVELYN WARE, a *feme sole.*

182 So. 605.

Opinion Filed August 2, 1938.

Rehearing Denied September 30, 1938.

*Edward E. Fleming,* for Plaintiff in Error;
*Casey, Walton & Spain,* for Defendant in Error.

CHAPMAN, J.—This case is here on writ of error to a final judgment in behalf of plaintiff below entered on the 8th day of March, 1937, by the Circuit Court of Dade County, Florida. Plaintiff's declaration was in five counts, alleging that on the 29th day of March, 1932, she was a passenger in the defendant's car driven by his agent, one Leonard Lonquist, on Federal Highway No. 1, just south of the Dade County-Broward County line; that David Warner was an occupant of the car, and that at said time and place Leonard Lonquist carelessly and negligently drove and operated the vehicle off and beyond the paved highway, thereby causing the automobile to overturn, due to the defendant's negligence, whereby the plaintiff was permanently injured; and that plaintiff had been a public entertainer and singer, earned considerable money, but as a result of defendant's negligence she was unable to continue her work and profession.

The other counts of the declaration are similar to the first count, with the exception of various theories with respect to the driver of the car. Each count alleges permanent physical and nervous injuries and claimed damages for pain and suffering and incapacity to enjoy the company and association of friends. Attached to the declaration is a bill of particulars, itemized, claiming total damages in the sum of $50,000.00.

The case went to trial on the following pleas: (1) not guilty; (2) that the cause of action in this case accrued more than three years previous to the filing of the suit; and that this defendant, pleading thereto, pleads the statute of limitations and says that the cause of action is barred by the statute of limitations.

Likewise a replication was filed by the plaintiff to the 2nd plea, viz.:

"That by anything in the said plea alleged, she, the said

plaintiff, ought not to be barred from having and maintaining her said action, because she says that immediately after the accrual of the cause of action stated in the declaration hereinbefore by the plaintiff filed, defendant departed from the State of Florida and has not since returned thereto; that the said defendant was personally absent from the State of Florida for more than three years between the time of the happening of the events complained of in plaintiff's declaration and the filing of this cause of action; and this the plaintiff is ready to verify."

From a judgment for plaintiff below, writ of error was taken, transcript of record perfected and the suit in here for review on several assignments of error. The parties to this cause in this opinion will be referred to as they appeared in the court below as plaintiff and defendant.

It is contended that the court below erred in sustaining plaintiff's demurrer to defendant's third plea, which was as follows:

"And for a third plea, the defendant says that the cause of action in this case accrued more than three years previous to the filing of the suit; and further says that although this defendant has been out of the State almost continuously since the happening of the said accident described in plaintiff's declaration, the said plaintiff, for more than three years prior to the filing of this suit could have served process against this defendant pursuant to and in compliance with Chapter 14765, Acts of the Florida Legislature for the year 1931, and Chapter 17254, Acts of the Florida Legislature for the year 1935, by and under which said laws existing in the State of Florida continuously since the year 1931, this defendant appointed the Secretary of State of the State of Florida his agent for the service of process in a case of the kind and nature involved herein, as shown by the proceedings on file herein; Wherefore the defendant

says that the said cause of action herein sued upon has been barred by the Statute of Limitations."

The record shows that the plaintiff's right to sue accrued on March 29, 1932; and that suit was filed on July 16, 1935. It is clear that more than three years intervened prior to the filing of the suit but less than four years. The second plea of the defendant interposed the defense that the suit was not filed within the three year statute of limitation period, and a replication to the effect that some two weeks after the accident defendant left the State and had not returned was by the lower court held good as to the plea that the suit was filed within three years after the cause of action accrued. The third plea, *supra,* presents here the same issue and a decision of either will dispose of both assignments.

Counsel for defendant contends that plaintiff's cause of action was barred by the three year statute of limitation by virtue of a contract, obligation or liability not founded upon an instrument in writing. An examination of the facts here clearly shows that it did not arise out of a contract, obligation or liability contemplated by or within the meaning of paragraph 5 of Section 4663 C. G. L. The case at bar is purely a tort action. Courts of other jurisdictions have from time to time considered statutes similar to sub-paragraph 5 of Section 4663 C. G. L., and are in harmony in holding that this provision does not apply to tort actions like the case at bar. The case here does not arise out of any written agreement, neither is it founded on a written instrument or otherwise based on any contract, obligation or liability which would require an action to be filed within three years. See McGaffin v. City of Cohoes, 74 N. Y. 387, 30 Am. Rep. 307; Suter v. Wenatchee Water Power Co., 35 Wash. 1, 76 Pac. 298, 102 Am. St. Rep. 881; Aldrich v. McClaine, Rankin, 197 U. S. 156, 49 L. Ed. 702; 25 Sup. Ct. Rep. 410; Robinson v. Lewis County, 141 Wash. 642,

252 Pac. 143; Northern Grain & Warehouse Co. v. Holst, 95 Wash. 312, 163 Pac. 775.

It is unnecessary to consider further the different subsections of Chapter 4663 C. G. L., because they do not apply to tort actions like the case at bar. It is clear that the plaintiff's cause of action here falls within subsection 4 of Chapter 4663 C. G. L., viz.: "Within Four Years.—Any action for relief not specifically provided for in this Chapter." It is the only section applicable to the facts here. See Milteer v. Seaboard Air Line R. Co., 66 Fla. 17, 62 So. 831; Branch v. Cole, 18 Fla. 368.

It is admitted that the defendant was served with process under Chapter 14765, Laws of Florida, Acts of 1935, and that the same was perfected after three years and prior to the expiration of four years after March 15, 1932. This cause of action accrued on March 29, 1932, and the plaintiff had four years thereafter under subsection of Section 4663 C. G. L., in which to file suit. Service was perfected and the court acquired jurisdiction of the defendant. See State, *ex rel.* Cochran v. Lewis, 118 Fla. 536, 159 So. 792; State, *ex rel.* Penick & Ford, Ltd. v. Civil Court of Record, Duval County, 126 Fla. 550, 171 So. 516.

When the plaintiff, through counsel, announced that no further evidence would be offered, the defendant moved the court to instruct the jury to find a verdict for the defendant on the following grounds: (a) ownership of car in which plaintiff was riding had not been established; (b) the evidence failed to establish that Leonard Lonquist was an employee of the defendant at the time of the accident; (c) actionable negligence had not been established; (d) the evidence as to actionable negligence was insufficient in law.

The lower court overruled and denied the said motion of the defendant for a directed verdict and this ruling is as-

signed as error. A verdict for the defendant should never be directed by the Court unless it is clear that there is no evidence whatever adduced that would in law support a verdict for the plaintiff. If the evidence is conflicting or will admit of different reasonable inferences, and if there is evidence tending to prove the issue, it should be submitted to the jury as a question of fact to be determined by them, and not taken from the jury and passed upon by the Court as a question of law. See Cameron, etc., Co. v. Law-Engle Co., 98 Fla. 920, 124 So. 814; McKinnon v. Johnson, 57 Fla. 120, 48 So. 910; Starks v. Sawyer, 56 Fla. 596, 47 So. 513; Florida Cent., etc., R. Co. v. Williams, 37 Fla. 406, 20 So. 558; Southern Exp. Co. v. Williamson, 66 Fla. 286, 63 So. 433, L. R. A. 1916C, 1208; Bass v. Ramos, 58 Fla. 161,, 50 So. 945, 138 Am. St. Rep. 105; Eood Lbr. Co. v. Gipson, 63 Fla. 316, 58 So. 364; Paul v. Commercial Bank, 69 Fla. 62, 68 So. 68; Johnson v. Louisville & N. R. Co., 59 Fla. 305, 52 So. 195; Williams v. Sherry, 94 Fla. 998, 114 So. 849; German-American Lbr. Co. v. Brock, 55 Fla. 577, 46 So. 740; Atlantic Coast Line R. Co. v. Pelot, 62 Fla. 121, 56 So. 946. See also King v. Cooney-Eckstein Co., 66 Fla. 246, 63 So. 659, Ann. Cas. 1916C; Gunn v. Jacksonville, 67 Fla. 40, 64 So. 435; Davis v. Ivey, 93 Fla. 387, 112 So. 264; Florida East Coast Ry. Co. v. Hayes, 66 Fla. 589, 64 So. 274; Jacksonville v. Glover, 69 Fla. 701, 69 So. 20; Gravette v. Turner, 77 Fla. 311, 81 So. 476; Gulf Refining Co. v. Ankeny, 102 Fla. 151, 135 So. 521.

It is next contended that the lower court erred in charging the jury at the request of the plaintiff as identified in the record as charges 13 and 14, viz.:

"13. If you find from the evidence that the plaintiff, Evelyn Ware, was injured as a result of negligence of the defendant's servant or agent, you are instructed that, in estimating her damages, you are to consider the health and

condition of the plaintiff before the injuries so found, as compared with her present condition in consequence of such injuries, also any physical and mental suffering to which she may be subjected by reason of such injuries, together with any expense to which she may have been subjected, or may hereafter be subjected as a result of such injuries, and allow such damages as you find from a preponderance of the evidence to be fair and just compensation therefor, not exceeding the amount claimed in the declaration, namely $50,000.00.

"14. If you find from the evidence that the plaintiff, Evelyn Ware, sustained injuries as a result of negligence of the defendant's agent or servant, you may take into consideration any pain and suffering of the plaintiff proven to have been endured by reason of the injuries so found. There is no fixed standard as to any amount to allow for pain and suffering. That is to be guided by your good judgment. You should carefully consider the testimony in the case and determine from a preponderance of the evidence what such pain and suffering, if any, are worth."

Counsel relies on the following authorities to sustain his position: Florida Dairies Co. v. Rogers, 119 Fla. 451, 161 So. 85; Dupuis v. Heider, 113 Fla. 679, 152 So. 659; Florida East Coast Ry. Co. v. Young, 102 Fla. 15, 140 So. 467, 87 A. L. R. 905, 285 U. S. 551, 52 Sup. Ct. 407, 76 L. Ed. 941; Seaboard Air Line R. Co. v. Watson, 94 Fla. 571, 113 So. 716; Florida East Coast Ry. Co. v. Lassiter, 58 Fla. 234, 50 So. 428.

Likewise instructions 3 and 4 are assigned as error and are, viz.:

"3. When the vision of a driver of an automobile is so obstructed or obscured by lights on one or more automobiles coming from the opposite direction that such driver can not see the road ahead of him, it is the duty of such driver

to exercise all ordinary and reasonable care and diligence to avoid injury to anyone who may be riding in the automobile with him, even to the extent, if need be, of- stopping the automobile he is driving, when he can not see ahead of him because of lights on the automobile or automobiles he is meeting.

"4. · While it may be negligence for the driver of an automobile to permit the lights of his automobile to obscure or obstruct the vision of the driver of another automobile on a public highway, nevertheless, this does not relieve the driver of the second automobile of the duty of exercising due care required by the circumstances, even to the extent of stopping the automobile he is driving, if that is reasonably required to avoid injury to persons who may be lawfully riding in the automobile with him."

In determining whether an instruction is erroneous it must be considered and construed with, and in the light of all the instructions and charges given, and, if and when so considered, it was not found to be harmful or erroneous, it does not constitute reversible error. See Atlantic Coast Line R. Co. v. Peoples, 56 Fla. 145, 47 So. 392. The rule, *supra*, is well expressed as appears in Lewis v. State, 55 Fla. 54, 45 So. 998, when this Court said:

"It is settled law in this court that in passing upon a single instruction or charge it should be considered in connection with all the other instructions and charges bearing on the same subject, and if, when thus considered, the law appears to have been fairly presented to the jury, an assignment predicated upon the giving of such instruction or charge must fail, unless under all the peculiar circumstances of the case the court is of the opinion that such instruction or charge was calculated to confuse, mislead or prejudice the jury. Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318, and authorities therein cited; Davis v.

State, 54 Fla. 34, 44 South. Rep. 757; Atlantic Coast Line R. Co. v. Beazley, 54 Fla. 311, 45 South. Rep. 761; Cross v. Aby, decided here at this term. It is also settled law here that where an instruction, as far as it goes, states a correct proposition of law, but is defective because it fails to qualify or explain the proposition it lays down in consonance with the facts of the case, such effect is cured if previous or subsequent charges or instructions are given containing the required qualifications or exceptions. It is not required that a single instruction should contain all the law relating to the particular subject treated therein. Atlantic Coast Line R. Co. v. Crosby, *supra,* and authorities therein cited."

The record shows that plaintiff, as an entertainer, had at one time earned $450.00 per week; that at the time of the injury she was engaged in interior decorating, as well as beauty culture; that she had grown tomatoes, and had painted the interior of a house or two. The testimony as to her injury is, viz.:

"The remaining portion of the plaintiff's testimony was concerned with her statement of her physical abilities and capacities prior to the date of the accident, and the limitation of such activities due to her injuries, pain and suffering subsequent to the accident, which she stated continued to the date of the trial. She testified that she was examined and treated subsequent to having been examined by Dr. Butler, by Doctors McLaury, Tallman, Henderson and Medlin. Her treatment from these doctors included electrical treatments and other routine prescriptions designed to alleviate the pain and suffering and to restore to her the normal use and functions of the injured parts of her body, particularly the cergical spine, her arms and legs. Miss Ware stated that she had been in uniformly good health during her entire adult life, and had not found it necessary

to require the services of a physician for some eighteen years; that she had never experienced any disability and was always able to do the manual and other work which a mature, energetic female might be expected to perform. Since the accident Miss Ware testified that she had been able to do very little manual labor and this only accompanied by severe pain."

The evidence shows that at the time of the accident the car was traveling around from 40 to 50 miles per hour and was being driven by defendant's employee, Leonard Lonquist; Mrs. Grimm was riding on the front seat of the car by the driver and shortly before the car turned over, the driver reached over with his right hand and attempted to pull the witness (Mrs. Grimm) closer to him, and at the time the driver's right hand was off the steering wheel; the car ran off the pavement onto the sand shoulder of the road and while attempting to bring the car back on the pavement and slow it down, the driver apparently put his foot on the accelerator instead of the brake, when the car turned over and the plaintiff was injured. While it is true that this witness made a conflicting statement about the cause of the accident, viz.: bright lights shining on the Warner car, we think the conflict in the testimony presented a jury question. See Gravette v. Turner, 77 Fla. 311, 81 So. 476.

In the motion for a new trial made on part of the defendant, it was contended that the verdict and judgment for the plaintiff in the sum of $7498.00 was excessive. The testimony shows that the plaintiff earned at one time the sum of $450.00 per week and at the time of the trial she was 50 years of age. She had followed other lines of business after locating in Florida, and that she was not able to follow gainful occupations or her said business as an interior decorator or engage in beauty culture activities due to the pain and suffering caused by the automobile injury.

When the law furnishes no legal rule of measurement save the discretion of the jury on the evidence before them, courts will not disturb the verdict upon the ground of excessive damages, unless it be so flagrantly improper as to evince passion, prejudice, partiality or corruption of the jury. See McMurray v. Basnett, 18 Fla. 609. The rule is well established that a new trial should not be granted for excessive damages unless the amount is such as to shock the judicial conscience or to indicate that the jury has been influenced unduly by passion or prejudice. See Atlantic Coast Line R. Co. v. Whitney, 65 Fla. 72, 61 Fla. 179; Seaboard Air Line Ry. Co. v. Callan, 73 Fla. 688, 74 So. 799; Davis v. Ivey, 93 Fla. 387, 413, 112 So. 264.

We think the verdict is well sustained by the evidence. Careful consideration has been given to each assignment and we fail to find error in the record. The judgment appealed from is affirmed.

WHITFIELD, BROWN and BUFORD, J. J., concur.

ELLIS, C. J., agrees to the conclusion.

ELLIS, C. J.,—I agree to the conclusion reached in this case. The replication to the second plea was bad, but on the theory that a bad replication is a good answer to a bad plea, and as the second plea was bad no error was committed in overruling the demurrer to the replication.