97 So.2d 688 (1957)
Patrick Lee MANNING, a minor, by his next friend, Paul R. Manning and Paul R. Manning, Appellants,
v.
Ernest SERRANO, Appellee.
Supreme Court of Florida.
October 9, 1957.
Rehearing Denied November 21, 1957.
L.J. Cushman, Miami, for appellants.
Blackwell, Walker & Gray, Miami, for appellee.
ROBERTS, Justice.
The sole issue presented here is whether the four-year statute of limitations prescribed by Subsection (4) of Sec. 95.11, Fla. Stat. 1955, F.S.A., or the three-year period provided by Subsection (5) (e) of the same section, is applicable to a suit against a physician for personal injuries allegedly sustained by plaintiff because of the defendant physician's negligence or unskillful treatment. The lower court, relying upon Palmer v. Jackson, 1911, 62 Fla. 249, 57 So. 240, held that the three-year limitations period was applicable and dismissed plaintiff's *689 suit. This appeal by plaintiff followed.
Subsection (5) (e) of Sec. 95.11 specifically prescribes a limitation period of three years for "an action upon a contract, obligation or liability not founded upon an instrument of writing * * *." Subsection (4) of Sec. 95.11 provides for a limitation period of four years for "any action for relief not specifically provided for in this chapter." No special limitations period is prescribed by our statute for actions for "personal injury", "injuries to the person", and the like, nor for malpractice suits against physicians, surgeons and dentists, as is the case in some states. It is settled, however, that tort actions to recover for personal injuries sustained by reason of the negligence of the defendant or his employee are covered by Sec. 95.11(4), supra, and thus barred after four years. Warner v. Ware, 1938, 136 Fla. 466, 182 So. 605.
In Palmer v. Jackson, supra, 57 So. 240, this court held, in a not entirely unambiguous opinion, that the lower court did not err in sustaining defendant's plea of the three-year statute of limitations prescribed by what is now Sec. 95.11(5) (e), supra, against a complaint charging that the defendant did "undertake the treatment of" the plaintiff and thereafter, in violation of his duty as a physician, negligently and unskillfully diagnosed and treated plaintiff's ailment. Stating that these allegations did not "exclude the existence of an express or implied verbal contract relation between the parties which is usual in such cases," the court held that "the action was upon [an] `obligation or liability not founded upon an instrument of writing,' and was barred in three years." The Palmer decision was interpreted in Slaughter v. Tyler, 1936, 126 Fla. 515, 171 So. 320, as holding that an action against a physician for malpractice is barred in three years under Sec. 95.11(5) (e)  although it appeared that the plaintiff's suit in the Slaughter case would also have been barred under the four-year statute, the real issue being whether the minority of the plaintiff tolled the running of the statute of limitations. Cf. the interpretation by the annotator in 74 A.L.R. at pp. 1260 and 1261, where the Palmer decision is cited in support of the theory that the court will be governed by the form in which the action is stated by the plaintiff, whether ex contractu or ex delicto, in deciding the question of the applicable statute of limitations.
If Palmer v. Jackson is interpreted as holding that a malpractice suit against a physician is governed by the limitations statute applicable to suits in assumpsit upon an express or implied contract, even though the plaintiff may have stated a case sounding in tort, then only one decision in support thereof may be found, to wit, Menefee v. Alexander, 1899, 107 Ky. 279, 53 S.W. 653; and this is no longer the rule in Kentucky by virtue of an amendment to its statute of limitations, see Guess v. Linton, 1931, 236 Ky. 87, 32 S.W.2d 718.
There can be no doubt that where a transaction complained of has its origin in a contract and, at the same time, a duty is superimposed by or arises out of the circumstances of the transaction, the violation of which constitutes a tort, then the injured party has an election to sue in tort or for the breach of contract. Parrish v. Clark, 1933, 107 Fla. 598, 145 So. 848; Milteer v. Seaboard Air Line Ry. Co., 1913, 66 Fla. 17, 62 So. 831; Doyle v. City of Coral Gables, 1947, 159 Fla. 802, 33 So.2d 41; Holbrook v. City of Sarasota, Fla. 1952, 58 So.2d 862; City of Miami v. Brooks, Fla. 1954, 70 So.2d 306. The general rule for the application of the statute of limitations in this situation is stated in the Restatement of Torts, Sec. 899, comment b, as follows:
"When this is so, the injured person, although barred by a statute from enforcing his contractual or quasi-contractual right may not be barred from maintaining an action of tort, or vice versa, since the statutes commonly provide for a different period of limitation *690 for tort actions and for those based upon a breach of contract or the right of restitution."
See also 34 Am.Jur., Limitation of Actions, Sec. 104.
In those states where the statute of limitations prescribes a special limitations period for actions for malpractice of a physician or surgeon, a majority of the courts hold that a malpractice suit must be brought within the period expressly prescribed for such actions, regardless of the form of action by which the liability is sought to be enforced. See 34 Am.Jur., Limitation of Actions, Sec. 103; annotations in 74 A.L.R. 1256 et seq. and 151 A.L.R. 1027 et seq. But where, as in this state, no such special limitations period is prescribed, there is no valid reason for applying to malpractice suits a rule different than the one applicable to other causes of action in which the plaintiff has an election to sue in contract or in tort.
We, therefore, recede from Palmer v. Jackson, supra, 57 So. 240, and Slaughter v. Tyler, supra, 171 So. 320, insofar as they hold that a malpractice suit must be brought within the statutory period provided for an action "upon [an] `obligation or liability not founded upon an instrument of writing,'" and hold that the statutory period applicable to a malpractice suit depends upon the claim for relief stated by plaintiff  whether he sues for and seeks the damages applicable to a breach of contract or a tort.
In the instant case both the original and the amended complaints filed on behalf of the minor plaintiff clearly stated a cause of action sounding in tort, although in the original complaint the employment of plaintiff was disclosed as a matter of inducement, cf. Banfield v. Addington, 1932, 104 Fla. 661, 140 So. 893, 896. Since the complaint was filed within the four-year period prescribed by Sec. 95.11(4), which is applicable to tort actions of this kind, Warner v. Ware, supra, 182 So. 605, it was error to dismiss the complaint filed on behalf of the minor plaintiff on the ground that it was barred by Sec. 95.11(5) (e), supra. The four-year period having expired prior to the time that the plaintiff-father sought to join in the suit, there was no error in dismissing his suit.
Affirmed in part and reversed in part, and the cause remanded for further proceedings.
TERRELL, C.J., and THOMAS, HOBSON, DREW, THORNAL and O'CONNELL, JJ., concur.