PEARSON, Judge.
The point on appeal is whether or not an action for conversion of personal property is governed by the three-year statute of limitation. The question is presented upon an appeal by the plaintiff, International Mail Order, Inc. from a summary final judgment for the defendant, Capital National Bank 'Of Miami, formerly conducting business as Metropolitan Bank of Miami. This judgment was entered expressly upon the ground that the three-year statute of limitation was applicable to appellant’s cause of action.
The briefs do not question the nature of appellant’s complaint. The complaint alleged the conversion of property which had "been pledged to secure a loan. The property had been stored in a warehouse, and is described upon a non-negotiable warehouse receipt which was in the possession of the defendant. The receipt states that the property was received for the account of the defendant, for the account of the plaintiff. After default, the defendant obtained possession of the property and sold it. The plaintiff alleges that no loan was made and that the defendant had no authority to take possession and sell the property.
The Florida Statute, for the limitation of actions, contains two provisions which have been urged as applicable to appellant’s cause of action; both of the provisions are a part of § 95.11 Fla.Stat., F.S.A. .The appellee urges the applicability of subsection (5) (c), which provides a limitation of three years upon an “action for taking, detaining or in-jurying any goods or chattels, including actions for the specific recovery of personal property.” The appellant urges the applicability of subsection (4), which provides a limitation of four years upon any “action for relief not specifically provided for in this chapter.” The trial judge held that appellant’s action for conversion fell under subsection (5) (c) as an action for taking of goods or chattels. Appellant contends that its action is for a tort not specifically mentioned in the statute and that therefore the catch-all subsection (4) should apply.
The appellant has cited Milteer v. Seaboard Air Line Ry. Co., 66 Fla. 17, 62 So. 831 (1913), as authority for its position. An examination of that case will reveal that damages were sought for an “injury” to goods, but the action was based upon the common law liability of a carrier for delays in transportation. There is a distinction between actions for the injury to goods and actions for damages occasioned by negligent delay in the transportation and delivery goods. Florida East Coast Ry. Co. v. Peters, 72 Fla. 311, 73 So. 151, 167 (1916). The tort in the Milteer case was not within the class of actions now enumerated in subsection (5) (c), Fla.Stat. § 95.11, F.S.A., and the plaintiff was held to be barred from prosecuting the action by the provision now codified in section 95.11(4), Fla.Stat., F.S. A.
The gist of an action for conversion of goods is “interference with legal rights which are incident to ownership or the wrongful deprivation of the property of the owner.” General Finance Corp. of Jacksonville, Inc. v. Sexton, Fla.App.1963, 155 So.2d 159, 161. See also Star Fruit Co. v. Eagle Lake Growers, 160 Fla. 130, 33 So.2d 858, 860 (1948).
An action for conversion is governed by the three year statute of limitations; *289 i. e., Fla.Stat, § 95.11(5) (c), F.S.A. Cf. Metcalf v. Johnson, Fla.App.1959, 113 So. 2d 864.
Affirmed.