FLORIDA EAST COAST RAILWAY COMPANY, *Plaintiff in Error,* vs. ALFRED ACHESON, *Defendant in Error.*

135 So. 551.

Division B.

Opinion filed June 13, 1931.

BROWN, J., not participating.

*Wm. H. Malone,* of Key West, and *Robert H. Anderson,* of Jacksonville, for Plaintiff in Error;

*J. F. Busto* and *Arthur Gomez,* of Key West, for Defendant in Error.

DAVIS, J.—The general rule is that in an action for negligence the negligence of the defendant will not be presumed as against a plea of not guilty. There may be exceptions to this rule, but they are not applicable to this case.

Where injury is alleged some negligence of the defendant must be shown, which directly contributed to the injury. Such showing may be made either by direct or circumstantial evidence. But in every case the burden of proof resting upon the plaintiff must be met and sustained to warrant a recovery.

When the evidence in this case is analyzed and considered in its most favorable light to plaintiff it shows nothing more than that plaintiff ran his boat on a piling in Mangrove Key Channel and that the Florida East Coast Railway Company had placed some piling across the channel about sixteen years prior to the accident. There is absolutely no proof of a substantial character to sustain a finding by the jury that the particular piling with which plaintiff's boat collided in the channel was one of the pilings which the railroad company is alleged to have "unlawfully and negligently left" in the channel in 1912.

Circumstantial evidence is of course sufficient to sustain a verdict for damages in a civil case at law; and where it is complete in its probative value and excludes an hypothesis inconsistent with the theory that defendant committed the wrongful and negligent acts complained of, the verdict of a jury will not be disturbed as being contrary to the evidence. W. O. W. v. Hodges, 72 Fla. 467, 73 So. 347.

The value of circumstantial evidence consists in the conclusive nature and tendency of the circumstances relied upon to establish any controverted fact. Such evidence is always insufficient where assuming all to be proved which the evidence tends to prove, some other hypothesis may still be true; for it is the actual exclusion of every other hypothesis which invests mere circumstances with the force of proof. Whetson v. State, 31 Fla. 240, 12 So. 661.

In this case there is no showing that the piling which caused the injury was similar to the type of piling used by the railroad sixteen years before, nor is there any attempt to show that the place of the accident was a place in which

only the defendant railroad company had ever placed any piling. In short, the circumstances—mere placing of piling by the railroad years before the accident—standing alone is not sufficient to warrant the finding by the jury that it was a piling placed by defendant and no one else which damaged plaintiff's boat.

The motion for a new trial should have been granted because the evidence adduced was not sufficient to sustain the verdict. On another trial this insufficiency may be capable of being corrected.

Reversed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS, J., concur in the opinion and judgment.

BROWN, J., not participating.

---

ON REHEARING.

Order entered November 16, 1931.

PER CURIAM.—This cause having heretofore been submitted to the court upon the transcript of the record of the Judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the court being now advised of its judgment to be given in the premises, it seems to the court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the court that the said judgment of the Circuit Court be, and the same is hereby affirmed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., not participating.

---

ON PETITION FOR REHEARING.

Order entered January 7, 1932.

The plaintiff in a law action will be limited in the amount of recovery

to an amount not exceeding the amount shown by his bill of particulars at the close of the trial.

A writ of error to the Circuit Court for Monroe County; W. W. Wright, Judge.

Rehearing denied.

*W. H. Malone* and *Robert H. Anderson,* for Plaintiff in Error;

*J. F. Busto* and *Arthur Gomez,* for Defendant in Error.

PER CURIAM.—It is pointed out that the plaintiff's right of recovery was limited to the amount shown to be recoverable by him by the bill of particulars attached to and made a part of his declaration, whereas the verdict was for a greater amount. Now, therefore, if the plaintiff shall within fifteen days after the filing of the mandate of this Court in the lower court, enter a remittitur of all of said judgment in excess of Two Thousand Thirty-eight and sixty/100 ($2038.60) dollars and costs, the judgment shall stand affirmed for the amount of Two Thousand thirty eight and sixty/100 ($2038.60) dollars and costs as of the date of the entry thereof. Otherwise, the same shall stand reversed for a new trial.

Rehearing denied.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

Petition for writ of certiorari denied by the United States Supreme Court, March........, 1932.