JEWELL POWELL, *et vir.*, v. WILSON LUMBER CO.

155 So. 116.
Division A.
Opinion Filed May 23, 1934.
Petition for Rehearing Denied June 13, 1934.

*George P. Garrett,* for Plaintiff in Error;

*William C. Brooker* and *T. J. Swanson,* for Defendant in Error.

ELLIS, J.—Jewell Powell, joined by her husband, T. M. Powell, brought an action in the Circuit Court for Orange

County against Wilson Lumber Company of Florida for damages for personal injuries which occurred in an automobile accident.

The accident occurred between the cities of Orlando and Winter Park at a point where North Orange Avenue, a street leading north through Orlando, intersects a roadway called Winter Park Cut-off leading from that city to Orlando.

The automobile which was driven by Mrs. Powell was the property of the Wilson Lumber Company, and was used by a man named A. L. Hickman, who was employed by the Wilson Lumber Company as timber cruiser.

Hickman was in the automobile with Mrs. Powell, sitting with her on the front seat. On the morning of February 7, 1930, the two persons, Mrs. Powell and Hickman, left the City of Sanford for a trip to Orlando. Mrs. Powell was driving the automobile.

At the place where the accident occurred the automobile in which Mrs. Powell and Hickman were riding collided with an automobile which was being driven by Miss Lillian Murphy, who was traveling toward Winter Park on the Orlando-Winter Park road.

There is no suggestion that the accident was the result of any negligence on the part of Miss Murphy. Her automobile was moving northward on the highway at a rate of speed of about twenty-five miles per hour on the east side of the road. The automobile driven by Mrs. Powell approached from the north at a rate of speed estimated by Miss Murphy to be about thirty-five miles per hour. According to the testimony of Miss Murphy the Powell automobile did not slacken its speed as it approached the intersection of the two roadways, and swerving slightly toward her automobile struck it just as it crossed the point of intersection of the two highways.

The theory on which the plaintiff seeks recovery is that she was driving the Wilson Lumber Company's automobile on business of the company during the trip to Orlando; that A. L. Hickman, who was the company's agent, was in the automobile with her on the front seat; that the occasion of the trip was a request of her by Mr. Hickman to drive the automobile for him to Orlando to which place he wished to go on business of the company; that when the vehicle in which they were riding approached the place where the accident occurred Hickman "negligently and carelessly grabbed the steering wheel of the car while said car was in motion, which car was in the control of the said plaintiff, Jewell Powell, and took possession and control thereof, and headed said car directly across said North Orange Avenue and into the path" of the approaching automobile which, as has been stated, was being driven by Miss Murphy.

The defendant pleaded not guilty; that the plaintiff was driving the automobile on an errand for her husband and not on any business for the defendant; that Hickman in allowing the use of the automobile for the trip was not acting for the defendant and was engaged in no business for it; that the accident was caused by the plaintiff's negligence in the careless and reckless manner in which she operated the vehicle.

There was a verdict and judgment for the defendant.

A motion for a new trial containing forty-two grounds, of which number four were stricken by the court, was upon motion of defendant's counsel stricken from the files for the reasons set forth in the order of the judge. The substance of which is that the motion was not made within four days from the rendition of the verdict and while the plaintiff obtained an extension of time under the statute, Section 4498 C. G. L. 1927, in which to make and present

a motion for a new trial, there was no compliance with the terms of the statute as to notice and presentation of the motion.

No *praecipe* for a writ of error seems to have been filed, but a writ of error was issued to the judgment on the 11th day of April, 1931, nearly four months after the verdict and one month after judgment was entered.

There are thirty-seven assignments of error, which in the brief for the plaintiff in error are resolved into five questions of law, but in the view we have of the case the questions of law discussed are purely conventional or academic.

One of the assignments of error rests on an instruction by the court to the effect that the plaintiff could not recover unless she established by a preponderance of the evidence that Hickman was acting for the defendant in the performance of his duties and within the scope of his employment and that he was guilty of the negligent act complained of in the declaration and that the plaintiff was guilty of no negligent act proximately contributing to her own injury. Another assignment of error is that the court erred in entering up final judgment in favor of the defendant.

The plaintiff cannot recover in an action of this character unless she establishes by a preponderance of the evidence the material allegations of her declaration which sets out her cause of action. Under the general issue the plaintiff must carry that burden. See Jacksonville Street Ry. Co. v. Chappell, 21 Fla. 175; Hainlin v. Budge, 56 Fla. 342, 47 South. Rep. 825; Gunn v. City of Jacksonville, 67 Fla. 40, 64 South. Rep. 435; Florida East Coast R. Co. v. Acheson, 102 Fla. 15, 135 South. Rep. 551.

There was some conflict of evidence upon the three questions primarily involved: whether the plaintiff drove the car at Hickman's request; whether he was on the business

of the defendant, and whether he "grabbed the steering wheel" and carelessly directed the automobile against the one approaching.

The jury accepted and believed the evidence for the defense on these points of the controversy, and as to the last point were no doubt supported in their conviction that Hickman did not touch the wheel by considering the improbability of such action having the effect to pull the vehicle to the left off its course.

Whether there were any technical or conventional errors in the instructions or the admission or rejection of evidence is immaterial, as the fundamentals of the case are lacking in the evidence sufficient to establish negligence on the part of defendant. The jury decided that question of fact and in doing so decided that no cause of action existed in fact.

The judgment is affirmed.

DAVIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BUFORD, J., concur in the opinion and judgment.