**PAULINE KANTOR v. CITY OF CORAL GABLES**, a Florida munici-
pal corporation.

18 So. (2nd) 477                                    June Term, 1944
June 20, 1944                                       Special Division B
Rehearing Denied July 5, 1944

*Copeland, Therrell & Baisden,* for appellant.

*E. L. Semple,* for appellee.

BUFORD, C. J.:

In an action for damages growing out of personal injury
sustained by a passenger on a bus operated by defendant,
the record shows that (1) the bus was owned by defendant;
(2) that plaintiff was a passenger for hire on such bus; (3)
that the bus came into collision with another motor driven
vehicle and came to a sudden stop; (4) that plaintiff was,
by the sudden stop, thrown off the seat which she was oc-
cupying and was thereby injured.

There is no evidence of any negligence on the part of the
driver of the bus either at the time of the collision or at any
time prior thereto. There is no evidence of any defect in the
mechanical condition of the bus. Nor is there any evidence
which would warrant the conclusion that the bus was handled
in a careless or negligent manner or that the accident was
caused by any mechanical defect in the bus.

The trial court directed a verdict in favor of defendant.

The mere fact that an accident occurred resulting in in-
jury without showing any facts constituting negligence, or
from which negligence may be affirmatively assumed is not
sufficient to constitute a basis for recovery. See Southern
Utilities Co. v. Matthews, 84 Fla. 30, 93 So. 188; Florida
Motor Lines v. Ward, 102 Fla. 1105, 137 So. 163; Powell, et

al., v. Wilson Lumber Co., 115 Fla. 16, 155 So. 116 and cases therein cited.

The judgment is without error and is affirmed.

So ordered.

BROWN, THOMAS and ADAMS, JJ., concur.