MATHEWS, Justice.
Plaintiffs-appellants filed suit claiming personal injuries due to the negligence of the defendant-appellee in the operation of a bus.
The appellee pleaded the general issue and also contributory negligence. During the trial in the course of all of the evidence, appellants moved that the Court withdraw the defense of contributory negligence on the-ground that there was no evidence in the case which would support such defense *552 and make it a jury question. After the trial Court refused to strike the defense of contributory negligence, the appellee then rer quested certain charges predicated on the defense of contributory negligence. The trial Court granted this request and gave such instructions. The jury brought in a verdict for appellee. In due course motion for new trial was made and denied and final judgment was entered.
The real question’presented'for our determination is whether or not there was any evidence of contributory negligence which would justify the trial Court in submitting that issue to the jury. If there was a genuine issue as to any material fact relating to contributory negligence, then it was proper'to submit the question to the jury. On the other hand, if there was no genuine issue as to any material fact as to1 contributory negligence, the Court should have withdrawn the affirmative defense of contributory negligence and should not have instructed the jury on this question.
The Court gave, the following instructions to the jury:
“Before there can be any recovery by either plaintiff, it must be proven that the plaintiff, Velma Rogers, was injured, that the injury was caused by negligence of the defendant, and also the injury party must be free from •fault, proximately contributing to her injury. The injury, itself, does not prove any negligence.
“While a common carrier is held to a ¡high degree of care for the safety of its passengers, this duty does not relieve the passenger herself of exercising a reasonable degree of care for her own safety. If you find from the evidence that the plaintiff, Velma Rogers, under the circumstances, failed to exercise reasonable care and caution for her own safety and that such failure on her part proximately contributed to her own injury and damage and the ensuing damage alleged to have been suffered by her husband for loss of consortium, then your verdict should be for the defendant.
“I charge you, gentlemen of the jury, that the law does not make a common carrier an absolute insurer of the safety of its passengers, but a common carrier is required in the course of transportation to exercise the highest degree of care, foresight, prudence, and diligence reasonably demanded at any given time by the conditions and circumstances then effecting the passengers in carrier, and failure to the highest degree of care, in such an instance, is slight negligence for which the carrier is held responsible.
“I further charge yo.u, that if you find the defendant is guilty of a slight degree of negligence and said negligence is the proximate cause of Plaintiff’s injury, you must find for the plaintiffs, unless you find the plaintiff Velma 'Rogers guilty of -contributory negligence.”
The giving of these instructions on the question of contributory negligence is based on the Court’s opinion that there is some evidence of contributory negligence which should be considered by the jury in arriving at their verdict. Such instructions simply meant that the Court advised the jury there was some evidence, which, if believed by them, should be considered in determining whether or not the appellant had been guilty of contributory negligence.
It is quite true that the jury.may have found that the appellant was not guilty of any negligence and the verdict could have been based upon such finding. However, the question of contributory negligence was submitted to the jury. It is impossible for this Court to determine whether the verdict was based upon a finding that there was no negligence on the part of the appel-lee or that there was contributory negligence on the part of the appellant. If there was no evidence of contributory negligence, it was confusing and misleading to a jury to submit such- an issue to them and to give them instructions upon that question.
*553 We have carefully reviéwed all of the testimony in this case and we fail to find that there was any genuine issué as to any material fact with reference to the question of contributory negligence.
The appellee was a public service corporation engaged in the transportation of passengers for hire. Appellant had paid her fare. The duty of a public service corporation to a fare-paying passenger is too' well established in this state to require any discussion or citation of authority.
After having boarded the bus, Velma Rogers took a seat in the center of a seat which would hold three passengers and which ran lengthwise of the bus. The bus company placed this seat in the bus and it was for the purpose of being used by fare-paying passengers. It was the first seat behind the driver’s, seat and the appellant was seated thereon facing the aisle. She had a right to occupy this seat and to look in any direction she desired. She was seated in a normal manner prior to the stopping of the bus. There were some guard-rails at each end of the seat which a person could hold onto. The appellant and all of the witnesses testified that she was not using her hands for any particular purpose, except one witness, who seemed to imply that appellant had placed one hand on her hair or was using the hand to fix the hair and the other hand had something in it, probably a pocketbook which was resting in her lap. It was certainly not evidence of contributory negligence for a -woman to use one hand to fix her hair and the other hand to hold a pocketbook which was resting in her lap. There is nothing more normal for the ordinary American woman than such use of the hands. Any conflict in the testimony with reference to the use of the hands did -not present any genuine issue as to any material fact.
It was shown that the appellant boarded the bus proximately two blocks from where the accident happened; that she had used such a bus, or a similar bus, and had been seated on a similar seat on many prior occasions.
It was further shown that appellant had lived for some time at the corner near the scene of the accident and that there was a stoplight at this corner. It is insisted that she knew, or should have known, that this stoplight at the comer created a dangerous condition which may have caused the bus to stop suddenly and she should have guarded against such a condition.
Such a contention places the cart before the horse. The bus driver knew, or should have known, of the existence of the stoplight and it was his duty in exercising proper care of his passengers to guard against the hazard of the stoplight. The passenger had the right to rely upon the bus driver and the driver’s duty owed to the passengers. There is no duty placed upon the passenger who had paid her fare for safe transportation to be on constant guard for stoplights and the manner in which the bus driver may stop the bus for such lights.
How the appellant fell and the extent of the injuries have not been discussed because the question of damages is not raised in this proceeding. It is sufficient to say that in' approaching the street where there was a stoplight, the bus stopped suddenly, or with a jerk, which caused the appellant to fall and get hurt.
It is always with some reluctance that this 'Court interferes with an order of the trial Court in denying a motion for new trial. However, in this case, as shown by the record, it appears that the ends of justice will best be served by granting the motion and re-submitting the case-to a jury on proper issues and with proper instructions.
Reversed, with directions to proceed further in accordance with this opinion.
ROBERTS, C. J., and TERRELL "and SEBRING, J.J., concur.