144 So.2d 308 (1962)
JACKSONVILLE COACH COMPANY, Petitioner,
v.
Katherine RIVERS, Respondent.
No. 31655.
Supreme Court of Florida.
July 13, 1962.
Rehearing Denied October 4, 1962.
*309 Rogers, Towers, Bailey, Jones & Gay and James M. McLean, Jacksonville, for petitioner.
Ernest D. Jackson, Jacksonville, for respondent.
Hill, Hill & Dickenson, Tampa, and Blackwell, Walker & Gray and Samuel J. Powers, Jr., Miami, for amicus curiae.
CALDWELL, Justice.
This case is before us on a petition for writ of certiorari based upon an alleged direct conflict between the decision of the District Court of Appeal, First District,[1] and the decisions of the District Court of Appeal, Third District, in Blackman v. Miami Transit Company[2] and of this Court in Kantor v. City of Coral Gables.[3]
We find there is direct conflict, on the same point of law, and that this Court has jurisdiction under Section 4(2), Article V, Constitution of Florida.
The respondent, Katherine D. Rivers, brought an action against petitioner, Jacksonville Coach Company, a public service corporation, for injuries sustained because of the alleged negligent operation of a bus while she was a passenger for hire thereon. The complaint alleged that "the driver of said bus so carelessly and negligently operated said bus in steering said bus around a turn in said street, as to cause the plaintiff to be violently thrown from the seat which she was occupying to the floor of the bus."
The defendant's answer denied the negligence alleged and, by a second defense, alleged that the driver of the bus "necessarily had to make a quick stop in order to avoid hitting" an automobile which was "suddenly, negligently and without warning" driven in front of the bus. The cause was tried by jury in the circuit court of Duval County, October 24, 1960.
The plaintiff testified that she was looking to her right and talking to her neighbor, Lillie Bell Teel, when the stop occurred; that she did not know the reason for the stop and that she did not see any other person fall. Lillie Bell Teel testified that they were sitting in the front seat; that she was seated next to the window on the right; that the bus "was going a little fast", "pretty fast", but she could not more accurately estimate the speed; that she was talking with the plaintiff and "didn't pay attention to what was coming"; that the bus made a sudden stop and threw the plaintiff out of the seat; that the bus "was fixing" to make a turn; that after the stop she looked up and saw a car in front of the bus.
Upon completion of the presentation of the plaintiff's case the defendant moved for a directed verdict. The court granted the motion and entered judgment. On appeal the District Court of Appeal, First District, *310 reversed the verdict as directed by the trial court with instructions to proceed further in accordance with its opinion.
The essential question appears to be whether the District Court misconstrued the dicta of Rogers v. Orlando Transit Company, supra, to the exclusion of the established law as pronounced in Blackman v. Miami Transit Company, supra, and Kantor v. City of Coral Gables, supra. That question we answer in the affirmative.
The Supreme Court based its decision in the Rogers case, which involved the sudden stopping of a bus at a traffic light, upon the point of contributory negligence. The Court found:[4]
"The real question presented for our determination is whether or not there was any evidence of contributory negligence which would justify the trial Court in submitting that issue to the jury. * * *
"* * * we fail to find that there was any genuine issue as to any material fact with reference to the question of contributory negligence."
Having thus disposed of the essential point in dispute the Court went on to say, as dictum, that the bus driver must have known of the existence of the stop light and it was his duty to guard against the hazard. With that statement we do not disagree, as applied to the facts of that case, but find it inapplicable to the facts of this cause. We note a distinction between a traffic light which requires a stop and a street corner which may be negotiated without stopping. We also note that the Rogers case, decided in 1954, must have been considered by the District Court in deciding the Blackman case, supra, in 1960.
In the Blackman case, supra, the evidence disclosed that the bus made a sudden stop and the plaintiff was thrown forward and injured. The only evidence of speed was the testimony of the plaintiff and his mother that the bus was going "fast", "faster than he usually goes", and the only evidence of a sudden stop was the mother's testimony that it stopped "quickly". There was no evidence bearing on the cause or reason for the sudden or quick stop.
The Court, affirming a directed verdict for the defendant, held that the testimony that the bus was going "fast" or "faster than usual" coupled with the testimony that it stopped suddenly or "quickly" was insufficient evidence of negligence to permit the submission of the case to the jury; that such testimony, without showing the reason or circumstances, did not make out a prima facie case of liability, notwithstanding the conceded duty of the defendant as a common carrier to exercise the highest degree of care consistent with the practical operation of the bus. The rule was announced in this language:[5]
"Ruling out stops of extraordinary violence, not incidental to ordinary travel, as inapplicable to the stop which occurred here, the sudden stopping of the bus was not a basis for a finding that the bus was negligently operated, in the absence of other evidence, relating to the stop, of some act of commission or omission by the driver which together with the `sudden' stop would suffice to show a violation of the carrier's duty. This is so because a sudden or abrupt stop, which could be the result of negligent operation, could as well result from conditions and circumstances making it entirely proper and free of any negligence."
The Kantor case, supra, involved a collision of the bus with another motor vehicle, a resulting sudden stop and injury to *311 the plaintiff. The court affirming a directed verdict for defendant held:[6]
"There is no evidence of any negligence on the part of the driver of the bus either at the time of the collision or at any time prior thereto. There is no evidence of any defect in the mechanical condition of the bus. Nor is there any evidence which would warrant the conclusion that the bus was handled in a careless or negligent manner or that the accident was caused by any mechanical defect in the bus. The trial court directed a verdict in favor of defendant.
"The mere fact that an accident occurred resulting in injury without showing any facts constituting negligence, or from which negligence may be affirmatively assumed is not sufficient to constitute a basis for recovery."[7]
The facts of the cause before us are the same as those recounted in the Blackman case, supra, in that, in both cases, there was evidence of a sudden but unexplained stop; the same indefinite evidence touching the speed of the bus; the same failure to show any act of commission or omission which, together with the sudden stop, would demonstrate a violation of the carrier's duty.
The decision of the District Court of Appeal is quashed and the cause remanded with directions to affirm and reinstate the judgment entered by the trial court.
It is so ordered.
ROBERTS, C.J., and THORNAL, O'CONNELL and HOBSON (Ret.), JJ., concur.
NOTES
[1] Rivers v. Jacksonville Coach Co., 134 So.2d 869 (Fla.App.1st, 1961).
[2] 125 So.2d 128 (Fla.App.3rd, 1960).
[3] 154 Fla. 523, 18 So.2d 477 (1944).
[4] Rogers v. Orlando Transit Co., 70 So.2d 551, 552, 553 (Fla. 1954).
[5] Blackman v. Miami Transit Co., 125 So.2d 128, 130 (Fla.App.3rd 1960).
[6] Kantor v. City of Coral Gables, 154 Fla. 523, 18 So.2d 477, 478 (1944).
[7] Accord, Southern Utilities Co. v. Matthews, 84 Fla. 30, 93 So. 188 (1922); Florida Motor Lines v. Ward, 102 Fla. 1105, 137 So. 163 (1931); Powell v. Wilson Lumber Co., 115 Fla. 13, 155 So. 116 (1934).