BARKDULL, Judge.
This is an appeal by the plaintiffs from an adverse final judgment rendered upon a directed verdict.
The plaintiff, Arlene C. Carlton, was a passenger on a bus operated by the appel-lee, Miami Transit Company, and she filed, her action for personal injuries sustained *582 as a result of an alleged injury, which occurred when the bus struck an automobile which turned in front of it. Her husband’s, Earl L. Carlton, cause of action was derivative in nature.
Considering the evidence in the light most favorable to the appellants, no negligence on the part of the bus driver is shown in this record. Just prior to the ac-, cident, the bus had stopped to discharge passengers immediately south of an intersection. Following the discharge of passengers, it started and continued in a northerly direction in the lane of traffic closest to the curb. After it had gone approximately 40 feet and was 8 feet into the intersection, it struck the right side of an automobile which was executing a right turn from the northbound lane immediately to the left, of the bus, turning in front of it. It appears, from the record, that the driver looked as he started the bus and did not see any car approaching from the rear or immediately alongside of the bus. As he went through the intersection, his attention would normally be directed to traffic on the cross streets and to any cars coming south which might have been turning left across the path of the bus. It is impossible for a driver to be observant in all directions at one time. Having examined the area to his immediate left and rear as he commenced to move the bus, and then turning his attention to the movement in and about the intersection was activity, on his part, certainly consistent with the duty and care required of a person in his position. The mere fact that an accident occurs does not necesssarily justify a cause of action to a passenger on a common carrier. Some negligent act on the part of the carrier or its driver must be shown in order to give rise to a cause of action to a passenger for injuries sustained. See: , Kantor v. City of Coral Gables, 154 Fla. 523, 18 So.2d 477; Jacksonville Coach Company v. Rivers, Fla. 1962, 144 So.2d 308.
This record failing to demonstrate any overt act or omission of the transit company’s employee, which would have constituted a breach of duty owed the passenger, the directed verdict is hereby affirmed.
Affirmed.