WIGGINTON, Judge.
Defendant has appealed a declaratory decree rendered pursuant to F.S. Chapter 87, F.S.A., by which the chancellor construed and applied F.S. § 222.13, F.S.A., relating to the disposition of proceeds derived from life insurance policies payable to the estate of a decedent.
The facts involved in this proceeding are not in dispute, the question presented for decision being exclusively one of law.
Thomas Ryland Nuckols died leaving as his sole surviving heir his mother, Leora T. Nuckols, there being no surviving child or spouse. Douglas W. Nuckols was appointed administrator of Thomas Ryland Nuck-ols’ estate, and was serving as such administrator at the time this proceeding was instituted.
During his lifetime Thomas Ryland Nuckols was the owner of two life insurance policies, the named beneficiary in each of which was his estate. Following the death of the decedent, the proceeds of the insurance policies were paid to Douglas W. Nuck-ols, as administrator of the estate.
Appellant Christopher Gerald Thomas filed for probate the purported last will and testament of Thomas Ryland Nuckols. After extensive litigation an order was entered by the County Judge’s Court of Duval County admitting the will to probate. The proponent Christopher Gerald Thomas is the sole beneficiary named in the will.
This action was instituted by the administrator of decedent’s estate for the purpose of securing a judicial declaration as to the proper disposition to be made of the above-mentioned insurance proceeds held by him in his representative capacity. Plaintiff contended that since no specific bequest of the insurance proceeds, or any part of them, was made in the decedent’s will, the proceeds became intestate property subject to distribution to decedent’s mother as his sole surviving heir at law, there being no surviving spouse or child of decedent. Appellant Thomas answered the complaint contending that since decedent was not survived by any widow or child, the insurance proceeds became assets of the estate to which he is entitled as the sole legatee. The chancellor entered his decree directing the administrator to distribute, subject to-the payment of attorneys’ fees, costs and estate expenses, the insurance proceeds as intestate property in accordance with the statute of descent and distribution. The effect of the decree appealed is to adjudge that the insurance proceeds, less the enumerated expenses to be deducted therefrom, shall pass to decedent’s mother as his sole surviving heir at law, and shall not become assets of his estate distributable to appellant as sole legatee under the will.
The pertinent statute which forms the basis of the chancellor’s decree is as follows :
“Whenever any person shall die in this state leaving insurance on his life, the said insurance shall inure exclusively to the benefit of the surviving child or children and husband or wife of such person in equal portions, or to any person for whose use and benefit such insurance is declared in the policy; and the proceeds thereof shall be exempt from the claims of creditors of the insured unless the insurance policy declares otherwise; provided, however, that whenever the insurance is for the benefit of the estate of'the insured or is payable to the estate or to the insured, his executors, administrators or assigns, the proceeds of the insurance may be specifically bequeathed by the insured to any person whatsoever or for any uses in like manner as he may bequeath or devise any other property or effects of which he may be possessed, and which shall be subject to disposition by last will and testament, and the proceeds of any such policy so bequeathed shall be paid to the personal representative of the insured’s estate for distribution to such legatee or legatees and such proceeds shall be exempt from the claims of *714 creditors, of the insured unless the will declares otherwise; provided further, however, that whenever the insurance is for the benefit of the estate of the insured or is payable to the estate or to the insured, his executors, administrators or assigns, and in the event the insured should die intestate or die leaving a will which does not specifically bequeath the proceeds of any insurance in effect on the life of the decedent, such proceeds of any policy in effect at the time of the death of the insured and made payable as above provided, shall be paid to the personal representative of the insured’s estate for the benefit of the surviving child or children and husband or wife in equal portions, and be distributed without regard to §§ 734.03 and 734.04 upon the order of the county judge on petition of any interested party or like proceedings pursuant to § 734.25 (5); and if insured leaves surviving no child or spouse, then such proceeds shall be payable to such personal representative and constitute a part of the assets of the said estate.
“When the personal representative of insured’s estate is required by law or by order of the county judge to file bond, the condition of the bond of the personal representative shall include the faithful performance of the duties of such personal representative according to law with respect to such proceeds.
“If the county judge determines that administration of the insured’s estate is unnecessary and insured is survived by a child or children and husband or wife, the order of no administration necessary shall direct payment of the proceeds of any such policy to said child or children and husband or wife in equal portions; if there be no child or spouse surviving, payment of such proceeds shall be made as directed in such order.
“Payments as herein directed in every such case shall discharge the insurer from any further liability under the policy.” [1]
In the Alworth case [2] we had occasion to trace the historical development of the above-quoted statute and to place a construction upon it under the facts existing in that case. In holding that the insurance proceeds involved therein were properly distributable to the surviving widow and child of the decedent we said:
“Reverting to the case now under consideration we find that the provisions of the will are silent with respect to the disposition of any insurance proceeds payable to the estate on the life of the testator. Since these proceeds are not specifically bequeathed as such, either to a named beneficiary or to the trustee of the residuary estate, it cannot be reasonably held that by operation of the statute they shall pass to and become a part of the residuary estate to be conveyed to the trustee and administered in accordance with the trust provisions of the will. The amended statute which controls this case clearly provides that the insurance proceeds must be paid to the surviving spouse and children of the testator unless they are specifically bequeathed by some term or provision of the will. Since the will contains no such specific bequests, the general residuary clause is not sufficient as a matter of law to require that the insurance proceeds be paid to the residuary legatees to be administered in accordance with the provisions of the will.”
Appellee relies in support of the decree appealed on that part of our opinion in Alworth in which we said:
“It is our view that the foregoing amendments to the original act adopted *715 by the 1955 and 1959 Sessions of the Legislature effectively preclude insurance proceeds payable to the estate of a testator from passing into or becoming a part of the residuary estate under a general residuary clause of a will in which insurance proceeds are nowhere mentioned, and where no bequest of the insurance proceeds, as such is specifically made. So construed, the amendments render inapplicable the decisions of the Supreme Court as enunciated in the Sloan and related cases. Under the provisions of the statute presently in effect it is our view that proceeds of insurance policies on the life of the testator which are payable to his estate may never become a part of the residuary estate merely by virtue of a general residuary clause of the testator’s will. The statute provides that such insurance proceeds may be disposed of by will only when they are specifically bequeathed.”
Read in isolation, the above-qttoted excerpt from our opinion in Alworth would lend support to appellee’s position. It must be borne in mind, however, that the foregoing statement was directed to the facts existing in that case. In Alworth it was not disputed but that at the time of his death the decedent was survived by a widow and child. Because of such survivorship by those classes of heirs at law specified by the statute we said:
“It necessarily follows that if the insurance proceeds are specifically bequeathed by the terms and provisions of the will, they will be payable to the legatee named as beneficiary of the bequest. If the funds are not so specifically bequeathed, they will not become part of the residuary estate but must pass to the surviving spouse and children of the testator as required by the statute.”
In Alworth we were not called upon to consider or construe that portion of the above-quoted statute which provides as follows :
“ * * * and if insured leaves surviving no child or spouse, then such proceeds shall be payable to such personal representative and constitute a part of the assets of the said estate.”'
In order to affirm the decree appealed it would be necessary for us to ignore or read out of the existing statute the last above-quoted provision thereof. This we are not authorized to do. From the unambiguous provisions of the statute it appears to have been the legislative intent to exempt from the claim of creditors the proceeds of insurance policies payable to the estate of the insured provided (1) the insured dies intestate and is survived by a spouse or child, or both; (2) such proceeds are specifically bequeathed by the terms of decedent’s last will and testament; or, (3) the decedent fails to specifically bequeath the insurance proceeds by his last will and; is survived by a spouse or child, or both. If the proceeds of a life insurance policy payable to the estate of a decedent are not specifically bequeathed in the insured’s will, then they are distributable to the surviving spouse and child of the decedent. If the decedent is not survived by a spouse or child, and either dies intestate, or the insurance proceeds are not specifically bequeathed by the provisions of the insured’s will, then under the last above-quoted clause of the statute such proceeds shall constitute a part of the assets of said estate and shall be distributable according to law.
Since the insurance policies in the case now under consideration direct that the proceeds thereof be payable to the estate of the decedent, and the latter neither specifically bequeathed such proceeds in his will nor was he survived by a widow or child, the insurance proceeds constitute assets of the estate to be administered by the personal representative in accordance with directions contained in the will. No part of such insurance proceeds constitutes intestate *716 property distributable to the mother of decedent as his sole surviving heir at law.
The decree appealed is reversed and the cause remanded with directions that an appropriate decree be entered in accordance with the views herein stated.
Reversed.
CARROLL, DONALD K. Acting C. J., and RAWLS, J., concur.

. F.S. § 222.13, F.S.A.

. In re Alworth’s Estate, (Fla.App.1963), 151 So.2d 478.