159 So.2d 261 (1964)
MIAMI TRANSIT COMPANY, a Florida corporation, Appellant,
v.
Walter M. FORD and Mabel Ford, his wife, Appellees.
No. 62-460.
District Court of Appeal of Florida. Third District.
January 7, 1964.
Kenneth L. Ryskamp and William H. Peeples, Miami, for appellant.
Sam Daniels, Miami, Ray M. Watson and Rutledge & Henry, So. Miami, for appellees.
Before BARKDULL, C.J., and HORTON and TILLMAN PEARSON, JJ.
*262 BARKDULL, Chief Judge.
Appellee, Mabel Ford, joined by her husband, Walter M. Ford, brought suit against the appellant for damages for personal injuries, allegedly incurred by her while a passenger in the appellant's bus. The cause proceeded to trial, resulting in a verdict of $10,000.00 for the appellee-wife and $3,500.00 for the appellee-husband.
The sole question raised on appeal is whether or not the appellee, Mabel Ford, established any actionable negligence on the part of the appellant which would preclude the entry of a directed verdict for the appellant.
The evidence, as reflected by the record on appeal, reveals that Mabel Ford had boarded a Miami Transit Company bus at about 12:00 o'clock noon on March 21, 1960; paid her fare and was proceeding to a seat when, according to Mabel Ford: "* * * Well, he suddenly applied the brakes and it threw me backwards  and I sort of went backwards to the side and I hit that bar in the back of the driver's seat. * * *". She claimed she didn't know the reason for the sudden stop, but further testified the bus driver said: "* * * I am sorry, I had to stop suddenly to keep from running into a car.". This was the entire testimony as to the facts surrounding the accident. This testimony [that the bus stopped suddenly without a showing of reason or circumstances] does not constitute sufficient evidence to establish any negligence on the part of the bus driver which would warrant the cause being submitted to a jury. As this court said, in Blackman v. Miami Transit Company, Fla.App. 1960, 125 So.2d 128:
* * * * * *
"Ruling out stops of extraordinary violence, not incidental to ordinary travel, as inapplicable to the stop which occurred here, the sudden stopping of the bus was not a basis for a finding that the bus was negligently operated, in the absence of other evidence, relating to the stop, of some act of commission or omission by the driver which together with the `sudden' stop would suffice to show a violation of the carrier's duty. This is so because a sudden or abrupt stop, which could be the result of negligent operation, could as well result from conditions and circumstances making it entirely proper and free of any negligence."
* * * * * *
This was also quoted with approval in Jacksonville Coach Company v. Rivers, Fla. 1962, 144 So.2d 308. In fairness to the trial judge, it is pointed out that the Supreme Court ruling in Jacksonville Coach Company v. Rivers, supra, [which clarified the law on this point] had not been rendered at the time of the trial in the instant cause. Therefore, he did not have the benefit of the Supreme Court's opinion at the time he rendered his order denying the motion for the judgment non obstante veredicto.
Therefore, the judgment of the trial court is hereby reversed with directions to grant the appellant's motion for judgment non obstante veredicto.
Reversed, with directions.