PEARSON, Judge.
' The Miami Beach First National Bank, as the Executor of the Estate of Jed D. Horner, deceased, brings this appeal from a final order of the County Judge’s Court. The order directed the Executor to distribute to Fred G. Horner the proceeds of life insurance policies, which were payable to the estate. The appellee, Irene A. Horner, is the Executrix of the Estate of Fred G. Horner.[1] The order stated that the payment was to Fred G. Plorner, as the sole heir at law of Jed D. Horner, deceased, and was to be made free of all debts, charges, taxes and expenses of administration. This order was made pursuant to the County Judge’s interpretation of section 222.13(2) Fla.Stat. 1963, F.S.A. We reverse.
The pertinent subsection of § 222.13 Fla.Stat., F.S.A. is as follows:
“(2) Whenever any person residing in the state shall die leaving surviving no child or spouse, and leaving insurance on his life for the benefit of the estate of the insured or payable to the estate or to the insured, his executors, administrators of assigns, the proceeds of the insurance not effectively bequeathed or used by the executor in accordance with the effective *387 authorization of the testator for the uses or purposes herein specified, shall descend and be distributed in accordance with the laws of descent and distribution of this state in like manner as any other property or effects of the insured if the insured should die intestate or die leaving a will which does not effectively bequeath the proceeds or any part of the proceeds of such insurance in effect on the life of the decedent at the time of his death. The proceeds of any such insurance shall be paid to the personal representative for the payment of debts, estate and inheritance taxes, claims, charges and expenses of administration, and to enforce contribution and to equalize advancement and for distribution. The provisions of this subsection shall apply to all policies of insurance which at the time of the death of the insured may be payable as above provided, regardless of whether or not any such policy is so payable by reason of the death of any beneficiary specifically named in such policy.”
There are no disputed facts in this case. Jed D. Horner died leaving no surviving spouse or child. He made no mention of life insurance in his will, and the proceeds of the life insurance were payable by the terms of the policy to his estate. His sole heir at law was a brother, Fred G. Horner. This brother, whose personal representative is the appellee here, filed in the County Judge’s Court a petition for an order making distribution of the life insurance proceeds to him as sole heir at law of the decedent. The appellant, Executor of the Estate of Jed D. Horner, answered the petition and maintained a contrary position as a matter of law. The County Judge entered the order which is now appealed. We do not have the benefit of the County Judge’s reasoning because the order simply directs the distribution to appellee (the sole heir at Law), “free of all debts, charges, taxes and expenses of administration.”
The appellee suggests that the County Judge decided that subsection (3) [2] was the Legislature’s pronouncement as to how a testator could subject life insurance proceeds to claims of creditors and administration expenses. Therefore, since the will in the case at bar failed to dispose of life insurance in accordance with subsection (3), the life insurance proceeds should be free of debts and charges. We are unable to agree with the suggestion.
The practical effect of the order appealed is to disregard that portion of subsection (2) which immediately follows the portion of the subsection directing distribution to the heirs at law; namely, “The proceeds of any such insurance shall be paid to the personal representative for the payment of debts, estate and inheritance taxes, claims, charges and expenses of administration, and to enforce contribution and to equalize advancement and for distribution.” We must accept the statute as written, and it is the duty of the court to attempt to give meaning and effect to each of the statute’s provisions. Vocelle v. Knight Brothers Paper Company, Fla.App.1960, 118 So.2d 664. We hold that where the insured was not survived by spouse or child, and *388 did not mention life insurance in his will, the proceeds of such insurance are assets of the decedent’s estate and may be used to pay debts, estate taxes, etc., and that any distribution thereof should be accomplished pursuant to the provision of section 222.13 (2).[3]
The order appealed is reversed with directions to enter an order denying appellee’s petition.
Reversed.

. After this appeal was instituted, Fred G-. Horner died, and the appellee has been substituted pursuant to Rule 3.11, subd. e, Florida Appellate Rules (1962 Rev.), 31 F.S.A.

. Section 222.13(3) is as follows:
“3) Whenever any person residing in the state shall die leaving insurance on his life for the benefit of the estate of the insured or payable to the estate or to the insured, his executors, administrators or assigns, the proceeds of the insurance may be bequeathed by the insured in like manner as he may bequeath or devise any other property or effects which shall be subject to disposition by last will and testament, and for such purpose specific or general expressions in the will referring to insurance or insurance proceeds shall be sufficient and effective; and the insured may, in his will, direct or authorize his executor to use all or any part' of the proceeds of any such insurance made payable as above provided, for the payment of debts, estate and inheritance taxes,' claims, charges and expenses of administration, or for any of such purposes or uses, and for such purpose specific or general expressions in the will referring to insurance or insurance proceeds shall be sufficient”

. See Thomas v. Nuckols, Fla.App.1963, 157 So.2d 712, for a decision upon a simi-lár point under the statute as it existed prior to the 1963 amendment