PEARSON, Judge.
The defendants, Metropolitan Dade County and its bus driver, Marcos R. Correa, appeal a final judgment pursuant to a jury verdict, which awarded damages to the plaintiff, Vilma Asusta, who was a bus passenger. The points on appeal urge error concerning (1) the denial of defendants’ motion for a directed verdict, (2) the denial of defendants’ requested instruction that the bus driver had no duty to wait for a passenger to sit down before putting the bus in motion and (3) the failure of the trial judge to apportion the damages in the same amounts as the jury, in a special interrogatory, had apportioned the negligence.
The plaintiff filed suit against the bus driver, Dade County (as the operator of the bus system) and Nelson J. Tejeiro (the driver of an automobile whose negligent actions in driving his car were alleged to have caused a sudden stop by the bus). There was a special form of verdict used by the court, which apportioned percentages of fault among the defendants. The jury found for the plaintiff in the amount of $22,500.00, and allotted 95 percent of the fault on defendant Tejeiro and the remaining 5 percent on Dade County and its driver. The final judgment entered the full amount of the verdict against all defendants. This appeal is by Dade County and its driver.
The appellants’ first point, urging that the trial judge should have granted their motions for directed verdict, does not present error because the transcript of the evidence was not included in the record.[1] Cf. In Re Guardianship of White, 140 So.2d 311 (Fla. 1st DCA 1962).
*60 The second point concerns the refusal of the following instruction requested by the appellants:
“A common carrier in the form of a public bus does not have a duty to wait for a boarding passenger to sit down before that common carrier starts to move the bus, unless the boarding passenger appears to be infirm or in need of assistance or requests help or assistance.”
The appellants rely upon Miami Transit Company v. Ford, 159 So.2d 261 (Fla. 3d DCA 1964), and Nicholson v. City of St. Petersburg, 163 So.2d 775 (Fla. 2d DCA 1964), for reversal. Neither of these cases deals with the denial of an instruction. However, both hold that a sudden stop by the bus, with no other circumstances given, will not make a prima facie case of negligence by the bus driver. The passenger in Miami Transit Company v. Ford was not yet seated. We must agree with the trial judge that the instruction refused was not shown to be a proper statement of the law applicable to this case. Bearing in mind that we do not have the benefit of the trial testimony, it is apparent, nevertheless, that if the bus driver reasonably could have anticipated trouble in traffic which might cause him to make a sudden stop, then the fact that his passenger was not seated is a circumstance that the jury could lawfully take into consideration in determining negligence. Therefore, the refusal of the tendered instruction was not error.
The third and remaining point claims that the 1976 amendment to the Uniform Contribution Among Tortfeasors Act[2] requires each party to pay damages only to the extent that such party caused the damages. No decided case, which directs that judgment be entered in this form, is cited by the appellant. We hold that the statute is what it says it is — an act concerning contribution. As such, the judgment herein against all of the tortfeasors for the amount of the verdict was correct and the subject of contribution, therefore, is properly a separate, post-judgment matter. We think this result follows from the language of the Supreme Court of Florida in Lincenberg v. Issen, 318 So.2d 386, 393-394 (Fla.1975),[3] even though that case was decided prior to the amendment of Section 768.31, Florida Statutes (1977). See Thayer v. State, 335 So.2d 815 (Fla.1976); and In Re Estate of Horner, 188 So.2d 386 (Fla. 3d DCA 1966).
Affirmed.

. This appeal was filed prior to the effective date of the Florida Rules of Appellate Procedure, as revised, effective March 1, 1978.

. The relevant subsection of § 768.31, Fla.Stat. (1977), is:
“(3) Pro rata shares. — In determining the pro rata shares of tortfeasors in the entire liability:
“(a) Their relative degrees of fault shall be the basis for allocation of liability.
“(b) If equity requires, the collective liability of some as a group shall constitute a single share.
“(c) Principles of equity applicable to contributions generally shall apply.”

. “The plaintiff is entitled to a measurement of his full damages and the liability for these damages should be apportioned in accordance with the percentage of negligence as it relates to the total of all the defendants. The negligence attributed to the defendants will then be apportioned on a pro rata basis without considering relative degrees of fault although the multi-party defendants will remain jointly and severally liable for the entire amount." [emphasis added]