382 So.2d 359 (1980)
TRANSIT CASUALTY CO. and Volusia Transit Management, Inc., a/k/a Votran, Appellants,
v.
Ethel PUCHALSKI, Appellee.
No. NN-45/T1-48.
District Court of Appeal of Florida, Fifth District.
March 12, 1980.
Rehearing Denied April 8, 1980.
Lester A. Lewis, Daytona Beach, for appellants.
Terrill J. LaRue, Daytona Beach, for appellee.
UPCHURCH, Judge.
This is an appeal from a final judgment following a jury trial in the Circuit Court for Volusia County, Florida.
Appellee, Ethel Puchalski, sued Appellants Volusia Transit Management, Inc., a/k/a Votran, and Transit Casualty Company as the liability insurer of Votran, for injuries received in a fall while a passenger on a municipal bus. The bus was very *360 crowded and Appellee, who was seventy-five years of age, was standing near the front of the bus behind the driver holding a strap to steady herself. During the ride, the bus made several stops causing the standing passengers to "sway".
The bus however, while traveling at normal speed, made an unanticipated stop. The stop was so sudden that it caused the other standing passengers to lunge forward knocking Appellee from her position behind the driver. Appellee was pushed forward into the fare box resulting in her injury.
Appellee testified that she did not know the reason for the sudden stop, but she saw no unusual alignment of traffic although the bus was almost touching the car in front of the bus, and another car was immediately ahead of that car. The bus driver was unable to testify as to the reason for the stop claiming he did not remember a sudden stop.
Appellant has raised as error the question whether the trial court erred in failing to direct a verdict in favor of Appellants, who alleged that Appellee's evidence was insufficient to make out a prima facie case of negligence.
In incidents of this type, the courts have held that plaintiff has the burden of establishing a prima facie case of negligence by a preponderance of the evidence. Sharp v. Long, 283 So.2d 567 (Fla. 4th DCA 1973). The mere occurrence of an accident does not give rise to a presumption of negligence. Lash v. Noland, 321 So.2d 104 (Fla. 4th DCA 1975).
While a carrier is not an insurer of the safety of its passengers, a common carrier is expected to exercise the highest degree of care consistent with the practical operation of the bus. The mere fact that a bus stopped suddenly, without reason or circumstance, does not make out a prima facie case of liability. Blackman v. Miami Transit Co., 125 So.2d 128 (Fla. 3d DCA 1960).
The rationale for imposing upon a common carrier a duty to exercise the highest degree of care is particularly apparent when it undertakes a transport standing passengers, especially when they may be of advanced age. A bus passenger has no duty to continually monitor traffic conditions, bus speeds, or other factors which may, in some possible way, affect the safe operation of a bus. A passenger may be conversing with a friend, reading, or situated where he cannot see. Rogers v. Orlando Transit Co., 70 So.2d 551 (Fla. 1954). It is unreasonable to expect such a person when hurled to the floor and injured, to be able to negate each possible way the accident could have happened.
In circumstances such as these, it seems that it would be the better rule to hold that a presumption of negligence arises which shifts the burden to the defendant to explain how the accident happened in the absence of negligence of the driver. The courts of Florida have not gone this far and, instead, have created a distinction on the violence of the stop. Jacksonville Coach Co. v. Rivers, 144 So.2d 308 (Fla. 1962); Blackman v. Miami Transit Co., 125 So.2d 128 (Fla. 3d DCA 1960) and City of Coral Gables v. Patty, 162 So.2d 530 (Fla. 3d DCA 1964).
Our decision here does not depart from the existing rule that the plaintiff must establish a prima facie case. Plaintiff had shown that the bus was stopped immediately behind two cars, almost touching the last, there was no unusual alignment of traffic, there was a traffic light ahead of the two stopped cars, and there were no parking spaces, alleys, streets, or businesses in the vicinity out of which a vehicle could have darted. From these facts and in view of the high standard of care imposed upon a common carrier, a jury could reasonably infer that the injury resulted from the driver's inattention. It was not necessary that plaintiff negate each and every possible nonnegligent cause of the injury. We therefore hold that the trial judge was correct in submitting the question of negligence to the jury. Defendant, whose driver had the best opportunity to observe the conditions at the time, was not in anyway *361 limited in offering a more compelling or plausible explanation of the accident.
AFFIRMED.
COBB and SHARP, JJ., concur.