HURLEY, Judge.
Appellants, plaintiffs in the trial court, appeal the entry of a directed verdict and final judgment in favor of defendants/ap-pellees. We reverse.
On July 14, 1976, Frances Ginn, age 66, boarded a Broward County Transit bus in the parking lot of the Hollywood Fashion Square. What happened next is recounted in her testimony before the jury.
I was the last passenger on. Everybody was seated. I had shown the bus driver my identification and reached in my purse, which was open, for the dime, and put it in the fare box.... I asked for a transfer. I got the transfer and the bus driver told me to hold onto the fare box while he made the bend... I was surprised to have him say that, because I was supposed to be seated. He repeated it again, so I held onto the box.
Before he gave me the transfer, he started the bus, started the motor, then told me to hold onto the fare box, which I did.... Then he pulled out, went one short ways, made a left hand turn, went another short — went another short distance, and made another left hand turn, and went a longer ways, then come to a stop sign.

I turned around, and he saw me leave. I proceeded to get seated. The first two-seater was occupied. The second one was vacant, and that’s the one I was going for, when suddenly the bus stopped, just jerked, and I lost my balance, and I kept falling backwards, and I could not hold onto anything or anybody never made a grab for me to keep me from falling. That’s all I remember. (Tr. 27-29).
As a result of her fall, Mrs. Ginn sustained serious injuries and thereafter instituted suit against the driver, the bus company and its insurer. At the conclusion of the plaintiff’s case the trial court granted a directed verdict in favor of the defendants, finding that Mrs. Ginn had failed “to make any showing other than there was a sudden stop of the bus, without showing that the stop was without reason or that it was any more than should have been expected from the operation of the bus.” The court expressly relied on Jacksonville Coach Co. v. Rivers, 144 So.2d 308 (Fla.1962); Nicholson v. City of St. Petersburg, 163 So.2d 775 (Fla. 2d DCA 1964); and Miami Transit Co. v. Ford, 159 So.2d 261 (Fla. 3d DCA), cert. denied, 166 So.2d 594 (Fla.1964).
We believe the learned trial judge erred by restricting his focus to the moment of the stop, thereby failing to give the plaintiff the benefit of those facts and circumstances immediately preceding, but nonetheless related to, the stop. The Supreme Court in Kantor v. City of Coral Gables, 154 Fla. 523, 18 So.2d 477, 478 (1944) — a case quoted with approval in Jacksonville Coach Co. v. Rivers, supra — suggested that it was proper to consider allegations of negligence on the part of the driver “at the time of the collision or at any time prior thereto.” This being so, the plaintiff was entitled to have a jury determine whether the driver *806 breached his duty to provide the “highest degree of care consistent with the practical operation of the bus,”[1] when he prevented her from taking a seat and instructed her to wait and hold onto the fare box as he drove into traffic. If the jury found a breach of duty, the plaintiff would be entitled to have a jury further determine whether the driver’s breach was a contributing cause of her injuries.
As a postscript, we would add that we concur with the court’s observation in Transit Casualty Co. v. Puchalski, 382 So.2d 359, 360 (Fla. 5th DCA 1980) that “[i]n circumstances such as these, it seems that it would be the better rule to hold that a presumption of negligence arises which shifts the burden to the defendant to explain how the accident happened in the absence of negligence of the driver.” Yet, taking the law as it is, we find the driver’s instructions and conduct immediately prior to the stop constitute sufficient additional circumstances to distinguish the case at bar from Jacksonville Coach Co. v. Rivers, supra, and its progeny, which, in turn, should have enabled the plaintiff to survive a directed verdict. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
DOWNEY and HERSEY, JJ., concur.

. Transit Casualty Co. v. Puchalski, 382 So.2d 359, 360 (Fla. 5th DCA 1980).