# Third District Court of Appeal
## State of Florida

Opinion filed April 13, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-757
Lower Tribunal No. 18-16148
_____

**Raquel Ramos,**
Appellant,

vs.

**Miami-Dade County, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Wallen | Kelley, and Todd L. Wallen, for appellant.

Geraldine Bonzon-Keenan, Miami-Dade County Attorney, and Richard Schevis, Assistant County Attorney, for appellee.

Before SCALES, MILLER and BOKOR, JJ.

PER CURIAM.

Raquel Ramos, the plaintiff below, appeals the trial court's order granting final summary judgment in favor of the defendant below, Miami-Dade County ("County"). The challenged order, which sets forth the relevant facts and applicable case law, states, in part, as follows:

> Plaintiff's Third Amended Complaint contains two counts. The first is a count of negligence (Count I) against the County for the alleged negligence of its bus driver employee. The second count (Count III) is for negligent hiring and retention.[1] In both counts, the plaintiff alleges that she was a passenger on a Miami-Dade County bus and that the bus driver stopped suddenly causing her to fall and become injured.
>
> [1] Count II was for negligent entrustment and was previously dismissed.
>
> The undisputed material facts are as follows: The bus driver stopped at a designated bus stop in the right lane. The plaintiff boarded the bus, walked past the yellow standee line, and proceeded toward the rear of the bus. The bus driver testified that, as the bus pulled forward to leave the bus stop, another vehicle entered the bus driver's lane of travel directly in front of the bus. The bus driver stopped to avoid a collision. The plaintiff fell. The plaintiff testified that, because she was facing away from the driver, she did not know the reason for the sudden stop. The incident was captured by the surveillance video system on the bus. The video corroborates the bus driver's testimony.
>
> This case is controlled by the holdings of Miami Transit Co. v. Ford, 159 So. 2d 261, 262 (Fla. 3d DCA 1964) and Artigas v. Allstate Ins. Co., 541 So. 2d 739, 740 (Fla. 3d DCA 1989). In Miami Transit Co. v. Ford, 159 So. 2d at 262, a passenger boarded a bus and walked to her seat. Id. The bus driver suddenly applied the brakes and the plaintiff fell. Id. Like the plaintiff herein, the plaintiff in Ford testified that she did not know the reason for the stop. Id. The undisputed facts in Ford also established that the driver had to stop suddenly to avoid hitting

2

another vehicle. Id. Directed verdict was granted in favor of the bus company and the plaintiff appealed. Id. The Third District Court of Appeal affirmed, holding that the facts did "not constitute sufficient evidence to establish any negligence on the part of the bus driver which would warrant the cause being submitted to a jury." Id. In Artigas v. Allstate Ins. Co., [541] So. 2d at 740, the Third District affirmed summary judgment in favor of Metropolitan Dade County on facts that were "indistinguishable in any material sense from those in Miami Transit Co. v. Ford."

Pursuant to Ford and Artigas, summary judgment is granted in favor of Miami-Dade County on both the negligence claim and the negligent hiring and retention claim.

Employing our *de novo* review of the challenged order, see World Fin. Group, LLC v. Progressive Select Ins. Co., 300 So. 3d 1220, 1222 n.4 (Fla. 3d DCA 2020), we conclude that the trial court did not err by granting final summary judgment in favor of the County.[1] The video footage from the bus fully supports the bus driver's testimony and does not create, in this case, an issue of fact as to the circumstances surrounding the accident. To be clear, this case did not involve a "stop[] of extraordinary violence" and there is no other evidence, relating to the stop, "of some act of commission or omission by the driver which together with the 'sudden' stop would suffice to show a

---

[1] Here, the summary judgment hearing was held on February 22, 2021, and the trial court entered final summary judgment on February 24 2021; consequently, the former summary judgment standard applies to this case under In re: Amendments to Florida Rule of Civil Procedure 1.510, 317 So. 3d 72, 77-78 (Fla. 2021). See Alvarez v. Citizens Prop. Ins. Corp., 328 So. 3d 61, 63 n.3 (Fla. 3d DCA 2021).

violation of the carrier's duty." <u>Ford</u>, 159 So. 2d at 262 (quoting <u>Blackman v. Miami Transit Co.</u>, 125 So. 2d 128, 130 (Fla. 3d DCA 1960)). We, therefore, affirm the final summary judgment order.

Affirmed.